Official Form 17A (12/14)

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

2015 NOV 16 PM 4 44
US BANKRUPTCY COURT

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Andre Bisasor

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☑ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Denial of certification and allowance of relief from stay; and Denial of evidentiary hearing SEE ATTACHED
2. State the date on which the judgment, order, or decree was entered: 10/19/15

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: GREYSTAR    Attorney: Donna Ashton, 28 church ST, Suite 10, Winchester, MA  781-756-6680

2. Party: _____    Attorney: _____

Official Form 17A (12/14)

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Andre Bisasor
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 11/16/15

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
Andre Bisasor
3000 Presidents Way #2413
Dedham MA 02026
Tel: 781-492-5675

David Baker
is my attorney
→ Tel: 617-367-4260

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Official Form 17B (12/14)

[Caption as in Form 16A, 16B, or 16D, as appropriate]

## OPTIONAL APPELLEE STATEMENT OF ELECTION TO PROCEED IN DISTRICT COURT

**This form should be filed only if all of the following are true:**

- this appeal is pending in a district served by a Bankruptcy Appellate Panel,
- the appellant(s) did not elect in the Notice of Appeal to proceed in the District Court rather than in the Bankruptcy Appellate Panel,
- no other appellee has filed a statement of election to proceed in the district court, and
- you elect to proceed in the District Court.

### Part 1: Identify the appellee(s) electing to proceed in the District Court

1. Name(s) of appellee(s):
   Andre Bisasor

2. Position of appellee(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ❑ Plaintiff
   ❑ Defendant
   ❑ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☑ Debtor
   ❑ Creditor
   ❑ Trustee
   ❑ Other (describe) _____

### Part 2: Election to have this appeal heard by the District Court (applicable only in certain districts)

I (we) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

### Part 3: Sign below

Andre Bisasor                                    Date: 11/16/15
Signature of attorney for appellee(s) (or appellee(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellee(s) if not represented by an attorney):
Andre Bisasor
2000 Presidents Way #3413
Dedham MA 02026

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re

ANDRE BISASOR,                              Chapter 13
                                            Case No. 15-13369-JNF
    Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ORDER

I.    PROCEDURAL BACKGROUND

The matters before the Court are the Objection to Debtor's Certification Pursuant to 11 U.S.C. Sec. 362(l)(1)(A), or in the Alternative, Request for Relief from the Automatic Stay Regarding Apartment #3413 filed by Greystar Management Services LP, as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar") on September 2, 2015 and an identically captioned pleading filed by Greystar on the same date with respect to "temporary" Apartment #2216 (jointly, the "Motions"). Apartment #2216 is currently occupied by the Chapter 13 debtor, Andre Bisasor (the "Debtor"). Both apartments are located in the same residential complex in Dedham, Massachusetts. Greystar supported both Motions with the Affidavit of Laura Donahue, Greystar's Regional Property Manager. The Debtor opposes both Motions and seeks an evidentiary hearing. Through the Motions, Greystar challenges the "Certification by a Debtor Who Resides as a Tenant of Residential Property" (the "Certification") signed by the Debtor pursuant to 11 U.S.C. § 362(l) and set forth in his Chapter 13 petition which

1

he filed, *pro se*, on August 27, 2015. Greystar also requests that the Court determine that the provisions of 11 U.S.C. § 362(b)(22)[1] apply immediately, or, in the alternative, that

---

[1] The filing of a petition under the Bankruptcy Code generally triggers the application of the automatic stay which enjoins actions by creditors, including "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . ;" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(1) and (3). Exceptions to the automatic stay are set forth in 11 U.S.C. § 362(b) and include § 362(b)(22), which provides that, subject to § 362(l), the filing of a bankruptcy petition does not trigger the protection of the stay with respect to:

> [T]he continuation of any eviction . . . , or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22).

Section 362(l), in turn, establishes certain requirements which, if performed, will allow a debtor to avoid the immediate loss of the stay imposed by § 362(b)(22). Section 362(l)(1) provides:

> (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that —
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1)(A) and (B).

2

the Court grant Greystar relief from the automatic stay to allow it to exercise its remedies under state law, including, but not limited to, taking possession of Apartments #3413 and #2216.

In determining the Motions, the Court has considered the following:

1. The Debtor's petition on which he listed his address as 3000 President's Way, #3413, Dedham, Massachusetts;

2. The Certification, which provides, in relevant part, the following: "Landlord has a judgment against the debtor for possession of debtor's residence[,]" the "Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered[,]" and that the Debtor "has included with his petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition[;]"

3. The Debtor's tender on the petition date of money orders totalling $2,390 and the Court's "Notice Releasing Rental Deposit," dated August 28, 2015, which provides, in part: "the Debtor has deposited with the Clerk the rent payment in the amount of $2,390 that would come due during the 30 day period after the filing of the Debtor's bankruptcy petition," and that "NOTICE IS HEREBY GIVEN that within 30 days of filing the voluntary petition, the debtor must file with the Court and serve upon the landlord, *a second certification that the entire monetary default giving rise to the judgment has been paid to the landlord.*" (emphasis added);

4. The Debtor's Objection to the Motions and the Verified Memorandum filed in support of the Objection by Attorney David Baker, who filed a notice of appearance on behalf of the Debtor on September 16, 2015, and all exhibits attached to the Objection and the Verified Memorandum;

5. The Apartment Lease Contract for Apartment #3413 executed by the Debtor and Natalie Anderson,[2] as tenants, with RAR2 Jefferson at Dedham Station Ma. Inc., as owner (the "Owner"), dated August 22, 2013, which provided an initial term from September 26, 2013 through September 14, 2014 and a monthly rental payment of $2,390 and the Apartment Lease Contract for Apartment #2216 executed by the Debtor and Ms. Anderson with the Owner, dated May 16, 2014, which provided for a two week term from May 16, 2014 through May 31, 2014 and rental charges of zero;

---

[2] Ms. Anderson is the nondebtor spouse of the Debtor.

3

6. Greystar's statements in the Motions, which the Debtor admitted in his Objection, that it terminated the lease for Apartment #3413 by a Notice to Quit on December 23, 2014 and terminated the lease for Apartment #2216 by a Notice to Quit dated December 29, 2014;

7. The Summary Process Summonses and Complaints filed by Greystar on February 9, 2015, in separate summary process actions commenced in the Trial Court of Massachusetts, District Court Department, Summary Process Session (the "District Court"), Docket No. 1554SU000026 (Apartment #3413) and Docket No. 1554SU000028 (Apartment #2216), through which Greystar sought eviction of the Debtor and Ms. Anderson[3] from Apartment #2216 for "Failure to vacate pursuant to a lawful notice terminating tenancy" and from Apartment #3413 for "Non-payment of rent;"[4]

8. The Debtor's 58 page Answer, Counterclaim and Jury Demand filed on May 11, 2015 in both summary process actions[5] which contains numerous counterclaims, some of which relate to the habitability of Apartment #3413, from which the Debtor maintains he was displaced (the "Counterclaims");[6]

9. The "Judgment for Plaintiff(s) for Possession and Rent,"[7] dated May 27, 2015, issued by the District Court, Docket No. 1554SU000026, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #3413, following the entry

---

[3] Although the Debtor and Ms. Anderson were both defendants in these summary process actions, the Court will refer herein to the Debtor only unless the context indicates otherwise. According to Greystar's counsel at a hearing held in this Court on September 17, 2015, both summary process matters were always heard together in the District Court, although not formally consolidated.

[4] The Summons and Complaint for Apartment #3413 reflects rent owed in the amount of $24,650.78.

[5] This pleading, which is attached to the Debtor's Verified Memorandum, bears only Docket No. 1554SU000026 (Apartment #3413), however, the docket for Docket No. 1554SU000028 (Apartment #2216) reflects that an Answer and Counterclaim was filed by the Debtor in that action on the same date.

[6] The Debtor also attached to one of his pleadings an Inspection Form issued by the Dedham Board of Health on November 20, 2014, regarding Apartment #3413, which reflects violations relating to floor and ceiling cracks, locks, and dishwasher installation.

[7] All State Court pleadings, dockets, orders and memoranda referred to herein were attached by the parties to their respective pleadings filed in this Court.

4

default against the Debtor and Ms. Anderson, which contained a judgment amount of $32,423.31[8] and the "Judgment for Plaintiff(s) for Possession and Rent," dated May 27, 2015, issued by the District Court, Docket No. 1554SU000028, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #2216, following the entry of default against the Debtor and Ms. Anderson, which contained a judgment amount of zero (jointly, the "Judgments for Possession");

10. The entry by the District Court on May 27, 2015 of judgments in favor of Greystar with respect to the Debtor's Counterclaims in both summary process actions "after defendant(s) failed to appear;"

11. The filing by the Debtor of numerous pleadings in both summary process actions on June 8, 2015, including Motions to "Remove the Default and Vacate Default Judgment; and/or Motion for Relief from Judgment, Pursuant to M.R.C.P. 55, 59 and/or 60" (the "Motions to Reconsider"), which the Debtor maintains have never been determined by the District Court, thus precluding the finality of the Judgments for Possession;

12. The "Memorandum of Decision Concerning Entry of Default Judgment," dated July 2, 2015, issued by the District Court (Ziemian, J.) in both summary process actions, in which the court recounted the extensive procedural history of both summary process actions, noted the numerous continuances, the issuance of the Judgments for Possession following the entry of defaults against the Debtor in both summary process actions for his failure to appear at a final pretrial hearing scheduled for May 26, 2015 and found that "the failure of both defendants to appear on 26 May 2015 was a deliberate attempt to further continue the trial of this matter because of the court's earlier order that there be no further continuances of the trial;"

13. The "Execution on Money Judgment," in the amount of $33,191.35, and the "Execution for Possession of Leased or Rented Dwelling," both dated August 7, 2015, issued by the District Court, against the Debtor in favor of Greystar with respect to Apartment #3413, and the "Execution for Possession of Leased or Rented Dwelling," dated the same date, issued by the District Court against the Debtor in favor of Greystar with respect to Apartment #2216 (collectively, the "Executions");

14. Copies of orders issued by the Appellate Division of the District Court, the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court ("SJC"), all of which denied the Debtor's request to review or waive appeal bonds and/or to stay levy on the Executions;

---

[8] This amount reflects the unpaid rent set forth in the Summons and Complaint, plus approximately three additional months of unpaid rent, interest and costs.

15. The Order of the Massachusetts Appeals Court, dated August 17, 2015 (Katzmann, J.), denying the Debtor's motions to stay levy on the Executions with respect to both Apartments which, in pertinent part, provided:

> [T]he defendants have not shown that their appeal, though procedurally correct, is likely to be successful. To succeed the defendants would have to demonstrate, at a minimum, that they have a nonfrivolous defense to the default. Following review of the defendants' submission and the District Court docket, the court cannot discern any indication that the District Court judge abused his discretion when he entered the default. Accordingly, the Motion is denied. The stay currently in place shall expire at the end of the day on August 27, 2015. The plaintiff may levy on the execution on Friday, August 28, 2015 without the need for any further notice to the defendants.

16. The hearing held in this Court on September 17, 2015 with respect to the Motions,[9] and the arguments of the parties, including the representations of the Debtor that he intended to cure rental arrears over the term of his Chapter 13 plan;[10]

17. The Supplemental Brief filed by Greystar on September 18, 2015, and the exhibits attached thereto, including the dockets of both District Court summary process actions, which reflect extensive litigation between the parties;

18. The Supplemental Corrected Memorandum filed by the Debtor on September 23, 2015, and the exhibits attached thereto, including the dockets of appeals the Debtor commenced postpetition in the Massachusetts Appeals Court and the SJC;

19. The Debtor's Affidavit filed on September 21, 2015, a 46-page document in which he recounts the history of the parties' relationship and their litigation in various courts, his legal theories concerning the finality of the Judgments for Possession, and the

---

[9] Section 362(l)(3)(A) provides: "If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true." 11 U.S.C. § 362(l)(3)(A).

[10] The Debtor also asserted in his Verified Memorandum and Supplemental Brief that he plans to cure the rental default during the term of a plan, that his "counterclaim and his damages for breach of the warranty of habitability are likely to be far in excess of any rent that would be due" and that ultimately he "should not be required to pay *any* rent due to the breach of the warranty of habitability."

resulting effect on his bankruptcy case, and in which he stated that "My bankruptcy attorney is not responsible for anything I say here;"

20. The failure of the Debtor to file any further certification or tender any amounts pursuant to 11 U.S.C. § 362(l)(2) with respect to Apartment #3413 within 30 days of the petition date;

21. The Debtor's Request for Evidentiary Hearing filed on September 25, 2015;

22. The Debtor's Chapter 13 plan filed on October 6, 2015, which provides for the assumption of executory contracts with Greystar and the Owner and for payment of $32,423.31 to the Owner and $90,000 to Greystar, over the 60 month term of the plan;

23. The Debtor's Schedules and Statements filed on October 6, 2015, including his Schedule B – Personal Property, in which he listed "Claims and counterclaims; too speculative to value;" and

24. The entire record of proceedings in this Court.

**II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Upon consideration of the foregoing, the Court concludes that the material facts necessary to determine the Motions are not in dispute, and the Court may rule on the merits of the controversy between the parties. For the reasons stated below, the Court finds that the Debtor's interest in the leases of Apartments #2216 and #3413 terminated prior to the commencement of this case by virtue of the final Judgments for Possession issued by the District Court. Accordingly, the Debtor has no property interest in either premises. He does not have the ability to assume the leases as executory contracts nor cure the prepetition defaults through his Chapter 13 plan or through the procedures set forth in 11 U.S.C. § 362(l).

7

A. <u>Apartment #2216</u>

The Debtor's petition for relief under Chapter 13 listed his address as Apartment #3413. He did not reference Apartment #2216 in his petition, nor did he deposit any "rent" with the Clerk of this Court for that unit pursuant to § 362(l)(1)(B). Simply stated, there is no § 362(l) certification in the Debtor's petition related to Apartment #2216. To the extent the Debtor seeks to extend the Certification to Apartment #2216 because it is a replacement unit for the allegedly uninhabitable Apartment #3413 and, therefore "inextricably linked" to Apartment #3413, the Court rejects such a request for the following reasons. First, the Debtor's tenancies with respect to the two apartments were the subject of separate lease agreements with differing provisions. The leases were terminated on different grounds and were the subject of separate Judgments for Possession and Executions issued in separate summary process actions in the District Court. Second, the provisions of § 362(l), which can shield a debtor from the immediate effect of § 362(b)(22), cannot be invoked where, as here, the underlying Judgment for Possession was based on a non-monetary termination of the tenancy. There simply is no "monetary default" to cure and no "rent that would have become due during the 30-day period after the filing of the bankruptcy petition." *See* 11 U.S.C. § 362(l)(1)(A) and (B). *See also* <u>In re Griggsby</u>, 404 B.R. 83, 88 (Bankr. S.D. N.Y. 2009)(Section 362(l) does not apply where prepetition judgment of possession and warrant of eviction are based upon a non-monetary default that cannot be cured by payment of money.); <u>In re Harris</u>, 424 B.R. 44, 54 (Bankr. E.D. N.Y. 2010)("Section 362(l) does not protect a debtor from the

8

operation of Section 362(b)(22) when a landlord's underlying judgment of possession is based on a non-monetary default.").

Greystar's objection to the Certification for Apartment #2216, to the extent it exists at all, is sustained. Pursuant to § 362(l)(3)(B)(i), in the event a court upholds the objection of a lessor filed under § 362(l)(3)(A), "subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property."[11] In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #2216 in this summary proceeding. *See* Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 33 (1st Cir. 1994). Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #2216, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

B. Apartment #3413

The Judgment for Possession of Apartment #3413 arose as a result of a monetary default, i.e., nonpayment of rent. The Debtor seeks to cast doubt on the finality of that judgment, and presumably Greystar's ability to rely on the exception to the automatic

---

[11] To the extent the Debtor maintains that § 362(b)(22) requires the Judgment for Possession of Apartment #2216 to be final, the Court finds that such judgment is final, as discussed in further detail below.

9

stay set forth in § 362(b)(22), due to the pendency of the Motions to Reconsider and because the Debtor has "not exhausted all of his State Appellate rights."

It is unclear why the Debtor filed the Certification under § 362(l), which can serve to delay the immediate effect of § 362(b)(22), when he is seeking a determination that there is no recognizable "judgment" for purposes of § 362(b)(22). It is also unclear why the Debtor maintains that "absent a final judgment, the terms of § 362(l)(3) should not control," as he asserted in his Verified Memorandum. Although the Debtor originally commenced his bankruptcy case *pro se*, his counsel has never sought to withdraw the Certification or otherwise amend the Debtor's petition.[12]

Despite the Debtor's argument about the applicability of § 362(b)(22) and the absence of the modifier "final" before the phrase "judgment for possession" in either § 362(b)(22) or § 362(l), the Court will address his contention that the Judgments for Possession are not final. The Court finds that both Judgments for Possession are final.

The Motions to Reconsider were filed on June 8, 2015 and through them the Debtor sought to vacate the default judgments entered against him in both summary process actions on May 27, 2015. The "Memorandum of Decision *Concerning Entry of Default Judgment*" (emphasis added) was issued by the District Court *after* the filing of the Motions to Reconsider, on July, 2, 2015. It explicitly referred to the "numerous motions" filed by the Debtor on June 8, 2015, and specifically dealt with and provided

---

[12] The Debtor cites In re Weinraub, 361 B.R. 586 (Bankr. S.D. Fla. 2007), a case involving vastly different facts than those involved here. In that case, the court allowed the debtors' motion to waive the requirements of § 362(l). The Debtor has filed no such motion here.

10

the rationale for the entry of the default judgments, i.e., the deliberate attempt of the defendants to further continue a trial by failing to appear on May 26, 2015. While there may be no separate docket entries on the District Court dockets denying the Motions to Reconsider, this Court has no doubt that the District Court considered them and denied them as set forth in the Memorandum dated July 2, 2015. Further, the Massachusetts Appeals Court also addressed the propriety of the entry of the default judgments in its August 17, 2015 Order: "Following review of the defendants' submission and the District Court docket, the court cannot discern any indication that the District Court judge abused his discretion when he entered the default." Lastly, even if the Motions to Reconsider were still pending in the District Court, such fact would not affect the finality of the Judgments for Possession or the judgment with respect to the Counterclaims under the applicable Massachusetts rules of summary process and civil procedure. Mass. Uniform Summary Process Rule 11, entitled "Relief from Judgment" provides:

> (a) **District and Boston Municipal Departments.** In the District Court . . . , Rules 60 and 62(b) and (d) of the Massachusetts Rules of Civil Procedure, which deal with relief from judgment and stay of execution, respectively, shall apply to summary process actions; *provided that relief under Rule 60(b) shall be available only in cases where the judgment has been entered on default or dismissal.* In cases that have been heard on the merits, relief under Rule 60(b) shall not be available.

Mass. Uniform Summary Process Rule 11(a) (emphasis added). That Rule directly refers to Mass R. Civ. P. 60(b), which provides, in part: "A motion under this subdivision (b)

11

does not affect the finality of a judgment or suspend its operation." Mass R. Civ. P. 60(b).

While the Debtor may complain that he has not been heard in the state courts on the merits of his Counterclaims, the Court finds that result to be of the Debtor's own making, and one which does not affect the finality of the default judgments. *See* D'Amour v. Birchall (In re Birchall), 501 B.R. 142, 149 (Bankr. D. Mass. 2013)("Default judgments generally do not have preclusive effect, because the issues therein were not actually litigated. Nevertheless, courts have recognized an exception to this rule when the party against whom the default judgment was entered 'substantially participated' in the action.")(footnotes omitted). The procedural history of the summary process actions, recounted above, leaves no doubt that the Debtor substantially participated in those actions and was not simply defaulted for failing to answer.

The Debtor's contention that he has not exhausted all of his appellate rights with respect to the Judgments for Possession is belied by the record and is insufficient to preclude the finality of the Judgments for Possession. Greystar obtained more than Judgments for Possession, it obtained Executions on August 7, 2015, following the July 2, 2015 ruling of Judge Ziemian with respect to the entry of the default judgments. Both the Massachusetts Appeals Court and the SJC denied the Debtor's motions to stay levy on the Executions, on August 17 and 27, 2015, respectively. It is unclear what, if any, further appellate rights the Debtor can legitimately pursue with respect to the merits of the summary process actions. *See* Mass. Uniform Summary Process Rule 12, entitled "Appeals" ("Any judgment in a summary process action, *except a default judgment*, may

12

be appealed by an aggrieved party in accordance with the provisions of law.")(emphasis added). Although the Debtor continues to prosecute postpetition appeals, that does not alter the preclusive effect of the Judgments for Possession. *See* Taatjes v. Maggio (In re Maggio), 518 B.R. 179, 189 (Bankr. D. Mass. 2014)(holding that the pendency of an appeal does not preclude the Court from determining whether collateral estoppel may apply).[13]

The Court finds that the Judgments for Possession are final and that the safe harbor provisions set forth in § 362(l), with which the Debtor failed to fully comply, do not preclude the application of the exception to the automatic stay set forth in § 362(b)(22). There are no "circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession" of Apartment #3413 under § 362(l). Greystar terminated the leases and obtained the Judgments for Possession and the Executions in the summary process actions all before the petition date of August 27, 2015. The Debtor has no interest in the leases and no right to cure the defaults or revive his tenancies pursuant to Mass. Gen. Laws ch 186, § 11. Section 11 provides, in relevant part, the following:

> Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit. . . .

---

[13] In Maggio, this Court relied on O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200, 692 N.E.2d 39 (1998)("The Federal rule, followed by a majority of the States, is that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal. . . . We are persuaded by the majority rule.").

13

Mass. Gen. Laws ch 186, § 11. *See also* Mass. Gen. Laws ch. 239, § 3 (". . . the plaintiff shall not be required to accept full satisfaction of the money judgment. Any refusal by the plaintiff to accept full satisfaction of the money judgment under this paragraph shall not be a bar to the enforcement of said judgment in any lawful manner."). In this case, there is no dispute that the Debtor did not tender rent due with respect to Apartment #3413 by the time he filed his Answers in the summary process actions, and there is no dispute that Greystar refuses to accept full satisfaction of its monetary judgment, as attested to in the Affidavit of Laura Donahue.

The Debtor seeks to avoid application of Mass. Gen. Laws ch. 239, § 3 due to the alleged absence of final judgments, relying on Ropt Limited P'ship v. Katin, 431 Mass. 601, 729 N.E.2d 282 (2000)(Holding that under Rule 11(a) of the Uniform Summary Process Rules, a defendant in a summary process action cannot raise lack of subject matter jurisdiction pursuant to Rule 60(b)(4) once there is a final judgment on the merits, but that such bar did not apply as the lower court did not issue a final judgment on defendant's counterclaim which was disposed of through a plaintiff's motion to dismiss). That case is factually and legally distinguishable from this case and is inapposite here. The Debtor has not provided any controlling authority under Massachusetts law pursuant to which the Debtor is permitted, at this juncture, to cure the default that gave rise to the Judgment for Possession of Apartment #3413.

14

The Debtor's reliance on his Counterclaims as a means for curing or offsetting the rent he owes is misplaced.[14] The District Court entered judgments for Greystar on the Counterclaims following the Debtor's default on May 27, 2015. The Debtor is free to pursue those Counterclaims, to the extent permitted by applicable law in the appropriate forum, but they do not provide a means for satisfying the requirements of § 362(l). The Debtor failed to file a further certification within 30 days of the petition date pursuant to § 362(l)(2), certifying that he has cured "the entire monetary default that gave rise to the judgment." If the debtor fails to perform either the initial or further certification, "subsection (b)(22) shall apply immediately" upon such failure and "relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(l)(4)(A). Additionally, the Debtor's proposal to cure the rental arrears through his assumption of executory contracts as provided in his plan would circumvent the purpose of § 362(l). *See* In re Williams, 371 B.R. 102, 108 (Bankr. E.D. Pa. 2007)(Section 362(l) requires cure of the default in 30 days, not under a Chapter 13 plan as the debtors proposed.). The Debtor's proposed assumption of the leases through his plan is also not permitted under the circumstances of this case. *See* Pyramid Operating Authority, Inc. v. City of Memphis (In re Pyramid Operating Authority, Inc.), 144 B.R. 795, 808 (Bankr. W.D. Tenn. 1992)(stating that "[i]t is well established that an agreement or contract which is validly terminated prepetition under applicable state law is not

---

[14] At the September 17, 2015 hearing in this Court, the Debtor represented that "it may turn out that, in fact, the landlord owes him more money than the rent he owes."

15

assumable under section 365(a)"). In other words, the leases are no longer executory contracts.

Lastly, the Rooker-Feldman doctrine bars this Court from acting as an appellate tribunal with respect to the Judgments for Possession and the judgments on the Counterclaims as it " 'strip[s] federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions.' " In re Sanders, 408 B.R. 25, 33 (Bankr. E.D. N.Y. 2009) (quoting Book v. Mortg. Elec. Registration Sys., 608 F.Supp.2d 277, 288 (D. Conn. 2009)(citing Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005)).

For all of the above reasons, the Court sustains Greystar's Objection to the Certification with respect to Apartment #3413. Pursuant to the above quoted provisions of § 362(l), the provisions of § 362(b)(22) shall apply immediately with respect to Greystar. In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #3413 in this summary proceeding. See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 33 (1st Cir. 1994). Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #3413, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

### III.  CONCLUSION

The Objections to the Certification are sustained, and the Motions are allowed. The Court denies the Debtor's request for an evidentiary hearing, and it will not

consider the lengthy arguments set forth in his Affidavit as he is represented in this matter by counsel. *See* Grella, 42 F.3d at 33 (a hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims but is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim to a debtor's property).

By the Court,

*/s/ Joan N. Feeney*

Dated: October 19, 2015            Joan N. Feeney
                                   United States Bankruptcy Judge