**DebtEd, FUNDS, NTCAPR, TUA, AddChg, APLDIST, APPEAL**

# United States Bankruptcy Court
## District of Massachusetts (Boston)
## Bankruptcy Petition #: 15–13369

| | |
|---|---|
| *Assigned to:* Judge Joan N. Feeney | *Date filed:* 08/27/2015 |
| Chapter 13 | *341 meeting:* 09/29/2015 |
| Voluntary | *Deadline for filing claims:* 12/28/2015 |
| Asset | *Deadline for filing claims (govt.):* 02/23/2016 |

***Debtor***
**Andre Bisasor**
3000 Presidents Way #3413
Dedham, MA 02026
SSN / ITIN: xxx–xx–9859

represented by **David G. Baker**
236 Huntington Avenue, Ste. 306
Boston, MA 02115
(617) 340–3680
Fax : (866) 661–5328
Email: david@bostonbankruptcy.org

***Assistant U.S. Trustee***
**John Fitzgerald**
Office of the US Trustee
J.W. McCormack Post Office &Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

***Trustee***
**Carolyn Bankowski–13**
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA 02114
617–723–1313

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 08/27/2015 | 1 | | Chapter 13 Voluntary Petition with deficiencies. Exhibit D. Certificate of Credit Counseling. Filing Fee in the Amount of $310 Filed by Andre Bisasor. (nr) (Entered: 08/27/2015) |
| 08/27/2015 | | | Meeting of Creditors scheduled on 09/29/2015 at 11:00 AM at Room 325–B, U.S. Trustee Office, J.W. McCormack Post Office &Court House. Deadline to object to debtor's discharge or to challenge dischargeability of certain debts is 11/30/2015. Proof of Claim due by 12/28/2015. Government Proof of Claim due by 02/23/2016. (nr) (Entered: 08/27/2015) |
| 08/27/2015 | 2 | | Statement of Social Security Number(s) filed by Debtor Andre Bisasor (nr) (Entered: 08/27/2015) |
| 08/27/2015 | 5 | | Certification of Intent to Cure Entire Monetary Default for Residential Property and Rental Deposit in the amount of $2390.00 with judgment (Re: 1 Voluntary Petition (Chapter 13)) filed by Deadline to Cure Default: 9/28/2015 (Attachments: # 1 Judgment) (ymw) (Entered: 08/28/2015) |

| 08/28/2015 | | 4 | Notice to Pro Se Debtors. (ADI) (Entered: 08/28/2015) |
|---|---|---|---|
| 08/28/2015 | | 6 | Court's Notice Releasing Rental Deposit to the Landlord, RAR 2 Jefferson at Dedham Station MA, Inc., 1000 Presidents Way #3413, Dedham, MA 02026, in the amount of $2390.00 with certificate of service. Deadline to cure default and file second Certification is 30 days from the filing date of the voluntary petition. (Sent by Certified U.S. Mail Tracking Number 7011 3500 0001 5898 3140) (Re: 5 Rental Deposit and Intent to Cure Default filed by Debtor) (Entered: 08/28/2015) |
| 08/28/2015 | | 7 | Order to Update (Re:1). Chapter 13 Voluntary Petition Matrix Due 9/2/2015. Chapter 13 Plan due by 9/11/2015. Schedules A–J due 9/11/2015. Statement of Financial Affairs due 9/11/2015. Summary of schedules due 9/11/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 22C–1 Due: 9/11/2015. Statistical Summary of Certain Liabilities due 9/11/2015.Evidence of Current and Sufficient Liability and Property Insurance Due 9/11/2015. Incomplete Filings due by 9/11/2015. (nr) (Entered: 08/28/2015) |
| 08/28/2015 | | 8 | Court Certificate of Mailing. (Re: 7 Order to Update) (nr) (Entered: 08/28/2015) |
| 08/28/2015 | | | Receipt of Chapter 13 Filing Fee – $200.00 by NR. Receipt Number 631123. (adi) (Entered: 08/31/2015) |
| 08/28/2015 | | | Receipt of Chapter 13 Filing Fee – $110.00 by NR. Receipt Number 631123. (adi) (Entered: 08/31/2015) |
| 08/28/2015 | | | Receipt of Forfeit Filing Fee – $10.00 by NR. Receipt Number 631123. (adi) (Entered: 08/31/2015) |
| 08/30/2015 | | 10 | BNC Certificate of Mailing. (Re: 4 Notice to ProSe Debtors.) Notice Date 08/30/2015. (Admin.) (Entered: 08/31/2015) |
| 09/01/2015 | | 11 | Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents [Re: 7 Order to Update]. (jb) (Entered: 09/02/2015) |
| 09/02/2015 | | 12 | Endorsed Order dated 9/2/2015 Re: 11 Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents Re: 7 Order to Update. MOTION ALLOWED IN PART. THE DEBTOR SHALL FILE THE MATRIX BY 09/04/15 AND THE REMAINING DOCUMENTS BY 09/23/15. (jb) (Entered: 09/02/2015) |
| 09/02/2015 | | 13 | Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026 with certificate of service and proposed order Fee Amount $176, Objections due by 09/16/2015. (Attachments: # 1 Exhibit A–B # 2 Exhibit Exhibits C–D # 3 Exhibit Exhibits E–F # 4 Exhibit Exhibits G–H # 5 Proposed Order Proposed Order 3413) (Ashton, Donna) (Entered: 09/02/2015) |
| 09/02/2015 | | 14 | Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. |

| | | | |
|---|---|---|---|
| | | | for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026 with certificate of service and proposed order Fee Amount $176, Objections due by 09/16/2015. (Attachments: #_1 Exhibit Exhibits A–B #_2 Exhibit Exhibits C–D #_3 Exhibit Exhibits E–F #_4 Exhibit Exhibits G–H #_5 Proposed Order) (Ashton, Donna) (Entered: 09/02/2015) |
| 09/02/2015 | | | Receipt of filing fee for Motion for Relief From Stay(15–13369) [motion,mrlfsty] ( 176.00). Receipt Number 14947024, amount $ 176.00 (re: Doc#_13) (U.S. Treasury) (Entered: 09/02/2015) |
| 09/02/2015 | | | Receipt of filing fee for Motion for Relief From Stay(15–13369) [motion,mrlfsty] ( 176.00). Receipt Number 14947024, amount $ 176.00 (re: Doc#_14) (U.S. Treasury) (Entered: 09/02/2015) |
| 09/02/2015 | | 15 | Certified Return Receipt (Re:_6 Court's Notice Releasing Rental Deposit) (ymw) (Entered: 09/02/2015) |
| 09/04/2015 | | 16 | Hearing Scheduled for 9/17/2015 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re:_13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026. Objections due by 9/16/2015 at 03:00 PM. (pd) (Entered: 09/04/2015) |
| 09/04/2015 | | 17 | Hearing Scheduled for 9/17/2015 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re:_14 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026. Objections due by 9/16/2015 at 03:00 PM. (pd) (Entered: 09/04/2015) |
| 09/04/2015 | | 18 | BNC Certificate of Mailing – PDF Document. (Re:_12 Order on Motion to Extend) Notice Date 09/04/2015. (Admin.) (Entered: 09/05/2015) |
| 09/04/2015 | | 19 | Matrix (Re:_1 Voluntary Petition (Chapter 13)) filed by Debtor Andre Bisasor (jb) (Entered: 09/08/2015) |
| 09/09/2015 | | 20 | Court's Notice of 341 sent. (ADI) (Entered: 09/09/2015) |
| 09/11/2015 | | 21 | BNC Certificate of Mailing – Meeting of Creditors. (Re:_20 Court's Notice of 341 sent 13) Notice Date 09/11/2015. (Admin.) (Entered: 09/12/2015) |
| 09/14/2015 | | 22 | Emergency Motion filed by Debtor Andre Bisasor to Extend Time for Responding to Motion for Relief from Stay and to Continue Hearing [Re:_13 Motion for Relief From Stay,_14 Motion for Relief From Stay] with certificate of service. (chy) (Entered: 09/14/2015) |
| 09/15/2015 | | 23 | Objection *to Debtor's Emergency Motion for Continuance* with certificate of service filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. Re:_22 Emergency Motion filed by Debtor Andre Bisasor to Continue Hearing [Re:_13 Motion for Relief From Stay,_14 Motion for Relief From Stay] with certificate of service. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit Exhibit A) (Ashton, Donna) (Entered: 09/15/2015) |
| 09/15/2015 | | 24 | MDOR Notice of Unfiled Prepetition Tax Returns and Request for same pursuant to 11 U.S.C. Section 1308 with certificate of service (Hankard, Katie) (Entered: 09/15/2015) |
| 09/15/2015 | | 25 | Rebuttal filed by Debtor Andre Bisasor [Re: 23 Objection filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay] with certificate of service. (jb) (Entered: 09/15/2015) |
| 09/15/2015 | | 26 | Amended Rebuttal filed by Debtor Andre Bisasor (Re: 25 RebuttalRe: 23 Objection filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay] with certificate of service. (jb) (jb) (Entered: 09/15/2015) |
| 09/15/2015 | | 27 | Endorsed Order dated 9/15/2015 Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Extend Time for Responding to Motion for Relief from Stay and to Continue Hearing Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay. DENIED. MOTION DENIED FOR THE REASONS STATED IN THE OBJECTION OF GREYSTAR MANAGEMENT SERVICES LP. SEE ALSO 11 U.S.C. SEC. 362(L)(3)(A). THE 09/17/15 HEARING SHALL GO FORWARD. (jb) (Entered: 09/15/2015) |
| 09/16/2015 | | 28 | Notice of Appearance and Request for Notice by David G. Baker with certificate of service filed by Debtor Andre Bisasor (Baker, David) (Entered: 09/16/2015) |
| 09/16/2015 | | 29 | Objection with certificate of service filed by Debtor Andre Bisasor Re: 13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026 with certificate of service and proposed order, 14 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026 with certificate of service and proposed order (Baker, David) (Entered: 09/16/2015) |
| 09/16/2015 | | 30 | Brief/Memorandum In Support of *Debtor* (Re: 29 Objection) filed by Debtor Andre Bisasor (Attachments: # 1 Answer and Counterclaims # 2 State Court Docket # 3 Lease #1 # 4 Lease #2 # 5 Summary Process Complaints, etc.) (Baker, David) (Entered: 09/16/2015) |
| 09/17/2015 | | 31 | Order dated 9/17/2015 Re: 13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026. HEARING HELD. #13, TAKEN UNDER ADVISEMENT. THE MOVANT SHALL FILE A SUPPLEMENTAL BRIEF BY 09/18/15 WITH RESPECT TO THE ISSUES RAISED AT THE HEARING, AND |

| | | | |
|---|---|---|---|
| | | | THE DEBTOR MAY FILE A REPLY BRIEF WITHIN 24 HOURS AFTER SUCH FILING. (jb) (Entered: 09/17/2015) |
| 09/17/2015 | | 32 | Order dated 9/17/2015 Re: 14 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026 . HEARING HELD. #14, TAKEN UNDER ADVISEMENT. THE MOVANT SHALL FILE A SUPPLEMENTAL BRIEF BY 09/18/15 WITH RESPECT TO THE ISSUES RAISED AT THE HEARING, AND THE DEBTOR MAY FILE A REPLY BRIEF WITHIN 24 HOURS AFTER SUCH FILING. (jb) (Entered: 09/17/2015) |
| 09/17/2015 | | 33 | BNC Certificate of Mailing – PDF Document. (Re: 27 Order on Motion to Continue/Cancel Hearing) Notice Date 09/17/2015. (Admin.) (Entered: 09/18/2015) |
| 09/18/2015 | | 34 | Supplemental Document: *Supplemental Filing* with certificate of service (Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay) filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Ashton, Donna) (Entered: 09/18/2015) |
| 09/18/2015 | | 35 | An official transcript of hearing (RE: 13 Expedited Motion of Greystar Management Services LP as Agent for Owner RAR2–Jefferson at Dedham Station, MA Inc. for Relief from Stay RE: 3000 Presidents Way #3413, Dedham, MA (Donna Ashton); 29 Objection of Debtor (David Baker); 30 Verified Memorandum of Debtor in Support of 29 (David Baker); 14 Expedited Motion of Greystar Management Services LP as Agent for Owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay RE: 2000 Presidents Way #2216, Dedham, MA (Donna Ashton); 29 Objection of Debtor (David Baker); 30 Verified Memorandum of Debtor in Support of 29 (David Baker)) heard on 09/17/2015 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 10/9/2015 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 12/18/2015. (Cascade Hills Transcription, Inc.) (Entered: 09/18/2015) |
| 09/19/2015 | | 36 | BNC Certificate of Mailing – PDF Document. (Re: 31 Order on Motion For Relief From Stay) Notice Date 09/19/2015. (Admin.) (Entered: 09/20/2015) |
| 09/19/2015 | | 37 | BNC Certificate of Mailing – PDF Document. (Re: 32 Order on Motion For Relief From Stay) Notice Date 09/19/2015. (Admin.) (Entered: 09/20/2015) |
| 09/19/2015 | | 38 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the Judicial Conference policy governing public access to transcripts of federal court proceedings, transcripts are not electronically available(online) until 90 days after filing but may be inspected by clerk's office or purchased from the court transcriber during the 90–day period. (ADI) (Entered: 09/21/2015) |

| | | | |
|---|---|---|---|
| 09/21/2015 | | [39](#) | Supplemental Brief (Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay) filed by Debtor Andre Bisasor (Baker, David) (Entered: 09/21/2015) |
| 09/21/2015 | | [40](#) | Affidavit of Andre Bisasor and clarification statement in support of Debtor's Reply Memorandum to Greystar's Supplemental Memorandum for Greystar's Objection to Certification and Greysstar's Motion for Relief from Stay (Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay) filed by Debtor Andre Bisasor (Baker, David). Modified on 9/25/2015 (lkaine, Usbc). (Entered: 09/21/2015) |
| 09/21/2015 | | [41](#) | DISREGARD: Request from David G. Baker Debtor Andre Bisasor *for evidentiary hearing,* with certificate of service. filed by Debtor Andre Bisasor (Baker, David) Corrective entry: disregard. Incorrect event used. Two Day Order to re−docket using correct event. Modified on 9/22/2015 (ymw). (Entered: 09/21/2015) |
| 09/22/2015 | | [42](#) | Order Requiring Corrective Action. You are hereby **ORDERED** to file the required document(s) **identified in the attached order** within (2) business days of the date of this order (Re: 41 Request filed by Debtor Andre Bisasor) (ymw) (Entered: 09/22/2015) |
| 09/23/2015 | | [43](#) | Withdrawal with certificate of service (Re: 39 Brief) filed by Debtor Andre Bisasor (Baker, David) (Entered: 09/23/2015) |
| 09/23/2015 | | [44](#) | Supplemental Brief *(Corrected)* (Re: 32 Order on Motion For Relief From Stay) filed by Debtor Andre Bisasor (Attachments: # 1 Appellate courts case listing) (Baker, David) (Entered: 09/23/2015) |
| 09/23/2015 | | [45](#) | Motion filed by Debtor Andre Bisasor to Extend Time to File Documents [Re: 7 Order to Update] with certificate of service. (Baker, David) (Entered: 09/23/2015) |
| 09/23/2015 | | [46](#) | BNC Certificate of Mailing. (Re: 38 Notice of Filing of Official Transcript) Notice Date 09/23/2015. (Admin.) (Entered: 09/24/2015) |
| 09/24/2015 | | [47](#) | Endorsed Order dated 9/24/2015 Re: 45 Motion filed by Debtor Andre Bisasor to Extend Time to File Documents (Re: 7 Order to Update). ALLOWED. (lkaine, Usbc) (Entered: 09/24/2015) |
| 09/25/2015 | | [48](#) | Request for Evidentiary Hearing filed by Debtor Andre Bisasor Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay, with certificate of service. (Baker, David) Modified on 10/6/2015 (lkaine, Usbc). (Entered: 09/25/2015) |
| 09/26/2015 | | [49](#) | BNC Certificate of Mailing − PDF Document. (Re: 47 Order on Motion to Extend) Notice Date 09/26/2015. (Admin.) (Entered: 09/27/2015) |
| 09/28/2015 | | | Continuance of Meeting of Creditors 10/21/2015 at 10:30 AM (Bankowski−13, Carolyn) (Entered: 09/28/2015) |
| 09/28/2015 | | [50](#) | Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents Re: 1 Voluntary Petition (Chapter 13). (lkaine, Usbc) (Entered: 09/28/2015) |

| | | | |
|---|---|---|---|
| 09/28/2015 | | 51 | Endorsed Order dated 9/28/2015 Re: 39 Supplemental Memorandum filed by Debtor Andre Bisasor. WITHDRAWN. (lkaine, Usbc) (Entered: 09/29/2015) |
| 09/29/2015 | | 52 | Endorsed Order dated 9/29/2015 Re: 50 Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents (Re: 1 Voluntary Petition) TO THE EXTENT THE DEBTOR SEEKS AN EXTENSION OF TIME TO 10/05/15 TO FILE THE DOCUMENTS REQUIRED PURSUANT TO THE COURT'S ORDER TO UPDATE DATED 08/28/15 (DOC. NO. 7), THE MOTION IS ALLOWED. (lkaine, Usbc) (Entered: 09/29/2015) |
| 09/29/2015 | | 53 | Court Certificate of Mailing Re: 52 Order on Motion to Extend. (lkaine, Usbc) (Entered: 09/29/2015) |
| 10/01/2015 | | 54 | Notice *of Appearance* with certificate of service filed by Creditor Foley Hoag LLP (Ottenberg, John) (Entered: 10/01/2015) |
| 10/01/2015 | | | Notice of Certified Copy of Docket Report to RAR2 Jefferson at Dedham Station MA, Inc. (Re: 5 Rental Deposit and Intent to Cure Default) (cpd) (Entered: 10/01/2015) |
| 10/01/2015 | | 55 | Court Certificate of Mailing. (Re: Certified Copy of Docket Report). (cpd) (Entered: 10/01/2015) |
| 10/01/2015 | | 56 | Order dated 10/1/2015 Re: 13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026. PURSUANT TO 11 U.S.C. SEC. 362(e), THE COURT CONTINUES THE AUTOMATIC STAY PENDING THE COURT'S RULING ON THE MOTION. (cpd) (Entered: 10/01/2015) |
| 10/01/2015 | | 57 | Order dated 10/1/2015 Re: 14 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026. PURSUANT TO 11 U.S.C. SEC. 362(e), THE COURT CONTINUES THE AUTOMATIC STAY PENDING THE COURT'S RULING ON THE MOTION. (cpd) (Entered: 10/01/2015) |
| 10/03/2015 | | 58 | BNC Certificate of Mailing – PDF Document. (Re: 56 Order on Motion For Relief From Stay) Notice Date 10/03/2015. (Admin.) (Entered: 10/04/2015) |
| 10/03/2015 | | 59 | BNC Certificate of Mailing – PDF Document. (Re: 57 Order on Motion For Relief From Stay) Notice Date 10/03/2015. (Admin.) (Entered: 10/04/2015) |
| 10/06/2015 | | 60 | Summary of Schedules , Statistical Summary of Certain Liabilities, Statement of Financial Affairs , Schedules A–J. (Re: 7 Order to Update) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | 61 | Chapter 13 Plan Without Certificate of Service filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |

| | | | |
|---|---|---|---|
| 10/06/2015 | | <u>62</u> | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 22C−1. Disposable Income Is Not Determined (Re: <u>7</u> Order to Update) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>63</u> | Chapter 13 Agreement between debtor and counsel filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>64</u> | Disclosure of Compensation of Attorney David G. Baker in the amount of $3,500.00. Plus $0.00 paid to debtor`s counsel for court filing fees filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>65</u> | Court's Order of Deficiency Re: <u>61</u> Chapter 13 Plan filed by Debtor Andre Bisasor. The deadline to cure the deficiency is 10/13/2015 at 04:30 PM. (lkaine, Usbc) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>66</u> | Signature Page (Re: <u>60</u> Summary of Schedules, Statistical Summary of Certain Liabilities, Statement of Financial Affairs, Schedules A−J, <u>61</u> Chapter 13 Plan) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>67</u> | Declaration Re: Electronic Filing filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>68</u> | Supplemental Document: *Addendum* (Re: <u>60</u> Summary of Schedules, Statistical Summary of Certain Liabilities, Statement of Financial Affairs, Schedules A−J) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/08/2015 | | <u>69</u> | BNC Certificate of Mailing. (Re: <u>65</u> Court's Order of Deficiency) Notice Date 10/08/2015. (Admin.) (Entered: 10/09/2015) |
| 10/13/2015 | | <u>70</u> | Certificate of Service (Re: <u>61</u> Chapter 13 Plan) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/13/2015) |
| 10/19/2015 | | <u>71</u> | Order dated 10/19/15 Re: <u>13</u> Motion for Relief From Stay filed by Creditor Greystar Management Services LP, and <u>14</u> Motion for Relief From Stay filed by Creditor Greystar Management Services LP. See Order for Full Text. (lkaine, Usbc) (Entered: 10/19/2015) |
| 10/21/2015 | | <u>72</u> | Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Attachments: # <u>1</u> Constable's Notices) (Baker, David) (Entered: 10/21/2015) |
| 10/21/2015 | | <u>73</u> | Order dated 10/21/2015 Re: <u>72</u> Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions. GREYSTAR SHALL FILE A RESPONSE TO THE MOTION TODAY BY 3:00 PM. (lkaine, Usbc) (Entered: 10/21/2015) |
| 10/21/2015 | | <u>74</u> | Opposition *to Debtor's Emergency Motion for Contempt for Violation of the Co−Debtor Stay of 1301* with certificate of service filed by Creditor Greystar Management Services LP as agent for owner RAR2−Jefferson at Dedham Station MA Inc. Re: <u>72</u> Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Ashton, Donna) (Entered: 10/21/2015) |

| | | | |
|---|---|---|---|
| 10/21/2015 | | | Meeting of Creditors Held and Examination of Debtor *concluded on 10/21/2015, Debtor was not present.* (Bankowski–13, Carolyn) (Entered: 10/21/2015) |
| 10/21/2015 | | 75 | Chapter 13 Trustee's Motion for Order Dismissing Case with certificate of service. Objections due by 11/16/2015. (Bankowski–13, Carolyn) (Entered: 10/21/2015) |
| 10/21/2015 | | 76 | Reply with certificate of service filed by Debtor Andre Bisasor Re: 72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Baker, David) (Entered: 10/21/2015) |
| 10/21/2015 | | 77 | Order dated 10/21/2015 Re: 72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions. UPON CONSIDERATION OF THE MOTION, THE OPPOSITION OF GREYSTAR AND THE DEBTOR'S REPLY, THE MOTION IS ALLOWED IN PART AND DENIED IN PART AND THE OPPOSITION IS SUSTAINED IN PART AND OVERRULED IN PART. THE COURT RULES THAT THE "48 HOUR NOTICES," IN PARTICULAR, THE NOTICE OF REMOVAL OF THE DEBTOR AND THE CODEBTOR AND THEIR PERSONAL PROPERTY FROM THE SUBJECT APARTMENTS, IS NOT WITHIN THE SCOPE OF 11 U.S.C. SEC. 1301. GREYSTAR MAY PROCEED WITH THE EVICTION OF THE DEBTOR AND THE CODEBTOR AND REMOVAL OF THEIR PROPERTY FROM THE SUBJECT APARTMENTS, BUT IT SHALL NOT SEEK TO COLLECT ANY DEBT FROM THE DEBTOR OR THE CODEBTOR, INCLUDING ANY MONEY JUDGMENT OR ANY STORAGE FEES, WITHOUT FURTHER ORDER FROM THIS COURT. THE DEBTOR'S REQUEST FOR ATTORNEYS' FEES IS DENIED. (lkaine, Usbc) (Entered: 10/21/2015) |
| 10/21/2015 | | 78 | BNC Certificate of Mailing – PDF Document. (Re: 71 Order) Notice Date 10/21/2015. (Admin.) (Entered: 10/22/2015) |
| 10/23/2015 | | 79 | BNC Certificate of Mailing – PDF Document. (Re: 73 Order on Motion for Contempt) Notice Date 10/23/2015. (Admin.) (Entered: 10/24/2015) |
| 10/28/2015 | | 80 | Notice of Change of Address *for creditors,* filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/28/2015) |
| 10/28/2015 | | 81 | Objection with certificate of service filed by Debtor Andre Bisasor Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case with certificate of service. (Baker, David) (Entered: 10/28/2015) |
| 10/29/2015 | | 82 | Hearing Scheduled for 11/19/2015 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case. (pd) (Entered: 10/29/2015) |
| 10/29/2015 | | 83 | Certificate of Service of Notice of Hearing (Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case) filed by Trustee Carolyn Bankowski–13 (Bankowski–13, Carolyn) (Entered: 10/29/2015) |
| 10/29/2015 | | | |

| | | | |
|---|---|---|---|
| | | | Continuance of Meeting of Creditors 12/9/2015 at 10 AM (Bankowski−13, Carolyn) (Entered: 10/29/2015) |
| 10/29/2015 | | 84 | Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case] with certificate of service. (Baker, David) (Entered: 10/29/2015) |
| 10/30/2015 | | 85 | Endorsed Order dated 10/30/2015 Re: 84 Motion filed by Debtor Andre Bisasor to Continue Hearing (Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case. ALLOWED. THE HEARING IS CONTINUED TO 01/07/16 AT 1:00 PM. (lkaine, Usbc) (Entered: 10/30/2015) |
| 10/30/2015 | | 86 | Hearing Rescheduled for 1/7/2016 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case. (lkaine, Usbc) (Entered: 10/30/2015) |
| 11/01/2015 | | 87 | BNC Certificate of Mailing – Hearing. (Re: 86 Hearing Scheduled) Notice Date 11/01/2015. (Admin.) (Entered: 11/01/2015) |
| 11/02/2015 | | 88 | Certificate of Service of Notice of Hearing (Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case) filed by Trustee Carolyn Bankowski−13 (Bankowski−13, Carolyn) (Entered: 11/02/2015) |
| 11/02/2015 | | 89 | Motion filed by Debtor Andre Bisasor to Extend Time to Appeal Under Rule 8002(c) [Re: 71 Order] with certificate of service. (Baker, David) (Entered: 11/02/2015) |
| 11/04/2015 | | 90 | Endorsed Order dated 11/4/2015 Re: 89 Motion filed by Debtor Andre Bisasor to Extend Time to Appeal Under Rule 8002(c) (Re: 71 Order). THE MOTION IS ALLOWED TO THE EXTENT PERMITTED UNDER FED. R. BANKR. P. 8002(D)(2)(A). (lkaine, Usbc) (Entered: 11/04/2015) |
| 11/04/2015 | | 91 | Notice of Appeal and Statement of Election to District Court filed by Debtor Andre Bisasor Re: 77 Order dated 10/21/15 (Re: 72 Emergency Motion for Contempt. Appellant Designation due by 11/18/2015. Compiled Records Due by 12/2/2015. Transmission of Designation Due by 12/4/2015. (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/05/2015 | | 92 | Motion filed by Debtor Andre Bisasor to Waive Fee for Appeal. (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/05/2015 | | 93 | Notice of Appeal to District Court Re: 91 Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/05/2015 | | 94 | Initial Transmittal to District Court (Re: 91 Notice of Appeal and Statement of Election to District Court filed by Debtor Andre Bisasor Re: 77 Order dated 10/21/15 (Re: 72 Emergency Motion for Contempt). (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/06/2015 | | 95 | Endorsed Order dated 11/6/2015 Re: 92 Motion filed by Debtor Andre Bisasor to Waive Fee for Appeal. THE COURT WILL RULE ON THIS MOTION UPON THE DEBTOR'S FILING OF |

| | | | UPDATED SCHEDULES I AND J IN SUPPORT OF HIS REQUEST. (lkaine, Usbc) (Entered: 11/06/2015) |
|---|---|---|---|
| 11/06/2015 | | 96 | BNC Certificate of Mailing – PDF Document. (Re: 90 Order on Motion to Extend Time to Appeal Under Rule 8002(c)) Notice Date 11/06/2015. (Admin.) (Entered: 11/07/2015) |
| 11/07/2015 | | 97 | Statement of Issues , Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Andre Bisasor (RE: 91 Notice of Appeal and Statement of Election). Appellee designation due by 11/23/2015. (Baker, David) (Entered: 11/07/2015) |
| 11/08/2015 | | 98 | BNC Certificate of Mailing – PDF Document. (Re: 95 Order on Motion to Waive) Notice Date 11/08/2015. (Admin.) (Entered: 11/09/2015) |
| 11/13/2015 | | 99 | Notice of Docketing Record on Appeal to District Court. Case Number: 15–13813 Re: 91 Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/13/2015) |
| 11/16/2015 | | 100 | Motion filed by Debtor Andre Bisasor to Waive Appellate Fees. (lkaine, Usbc) (Entered: 11/17/2015) |
| 11/16/2015 | | 101 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298. Filed by Debtor Andre Bisasor Re: 71 Order dated 10/19/15 (Re: 13 Motion for Relief From Stay filed by Creditor Greystar Management Services LP, 14 Motion for Relief From Stay filed by Creditor Greystar Management Services LP. Appellant Designation due by 11/30/2015. Compiled Records Due by 12/14/2015. Transmission of Designation Due by 12/16/2015. (lkaine, Usbc) (Entered: 11/17/2015) |
| 11/17/2015 | | 102 | Notice of Appeal to District Court Re: 101 Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/17/2015) |

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**ANDRE BISASOR**,                                            Chapter 13
                                                            Case No. 15-13369-JNF

       Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER**

I.      **PROCEDURAL BACKGROUND**

The matters before the Court are the Objection to Debtor's Certification Pursuant
to 11 U.S.C. Sec. 362(l)(1)(A), or in the Alternative, Request for Relief from the
Automatic Stay Regarding Apartment #3413 filed by Greystar Management Services
LP, as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar") on
September 2, 2015 and an identically captioned pleading filed by Greystar on the same
date with respect to "temporary" Apartment #2216 (jointly, the "Motions"). Apartment
#2216 is currently occupied by the Chapter 13 debtor, Andre Bisasor (the "Debtor").
Both apartments are located in the same residential complex in Dedham, Massachusetts.
Greystar supported both Motions with the Affidavit of Laura Donahue, Greystar's
Regional Property Manager. The Debtor opposes both Motions and seeks an
evidentiary hearing. Through the Motions, Greystar challenges the "Certification by a
Debtor Who Resides as a Tenant of Residential Property" (the "Certification") signed by
the Debtor pursuant to 11 U.S.C. § 362(l) and set forth in his Chapter 13 petition which

1

he filed, *pro se*, on August 27, 2015.  Greystar also requests that the Court determine that

the provisions of 11 U.S.C. § 362(b)(22)[1] apply immediately, or, in the alternative, that

---

[1] The filing of a petition under the Bankruptcy Code generally triggers the application of the automatic stay which enjoins actions by creditors, including "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . ;" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(1) and (3).  Exceptions to the automatic stay are set forth in 11 U.S.C. § 362(b) and include § 362(b)(22), which provides that, subject to § 362(l), the filing of a bankruptcy petition does not trigger the protection of the stay with respect to:

> [T]he continuation of any eviction . . . , or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22).

Section 362(l), in turn, establishes certain requirements which, if performed, will allow a debtor to avoid the immediate loss of the stay imposed by § 362(b)(22).  Section 362(l)(1) provides:

> (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30–day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1)(A) and (B).

2

the Court grant Greystar relief from the automatic stay to allow it to exercise its remedies under state law, including, but not limited to, taking possession of Apartments #3413 and #2216.

In determining the Motions, the Court has considered the following:

1.      The Debtor's petition on which he listed his address as 3000 President's Way, #3413, Dedham, Massachusetts;

2.      The Certification, which provides, in relevant part, the following: "Landlord has a judgment against the debtor for possession of debtor's residence[,]" the "Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered[,]" and that the Debtor "has included with his petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition[;]"

3.      The Debtor's tender on the petition date of money orders totalling $2,390 and the Court's "Notice Releasing Rental Deposit," dated August 28, 2015, which provides, in part: "the Debtor has deposited with the Clerk the rent payment in the amount of $2,390 that would come due during the 30 day period after the filing of the Debtor's bankruptcy petition," and that "NOTICE IS HEREBY GIVEN that within 30 days of filing the voluntary petition, the debtor must file with the Court and serve upon the landlord, *a second certification that the entire monetary default giving rise to the judgment has been paid to the landlord.*" (emphasis added);

4.      The Debtor's Objection to the Motions and the Verified Memorandum filed in support of the Objection by Attorney David Baker, who filed a notice of appearance on behalf of the Debtor on September 16, 2015, and all exhibits attached to the Objection and the Verified Memorandum;

5.      The Apartment Lease Contract for Apartment #3413 executed by the Debtor and Natalie Anderson,[2] as tenants, with RAR2 Jefferson at Dedham Station Ma. Inc., as owner (the "Owner"), dated August 22, 2013, which provided an initial term from September 26, 2013 through September 14, 2014 and a monthly rental payment of $2,390 and the Apartment Lease Contract for Apartment #2216 executed by the Debtor and Ms. Anderson with the Owner, dated May 16, 2014, which provided for a two week term from May 16, 2014 through May 31, 2014 and rental charges of zero;

---

[2] Ms. Anderson is the nondebtor spouse of the Debtor.

6. Greystar's statements in the Motions, which the Debtor admitted in his Objection, that it terminated the lease for Apartment #3413 by a Notice to Quit on December 23, 2014 and terminated the lease for Apartment #2216 by a Notice to Quit dated December 29, 2014;

7. The Summary Process Summonses and Complaints filed by Greystar on February 9, 2015, in separate summary process actions commenced in the Trial Court of Massachusetts, District Court Department, Summary Process Session (the "District Court"), Docket No. 1554SU000026 (Apartment #3413) and Docket No. 1554SU000028 (Apartment #2216), through which Greystar sought eviction of the Debtor and Ms. Anderson[3] from Apartment #2216 for "Failure to vacate pursuant to a lawful notice terminating tenancy" and from Apartment #3413 for "Non-payment of rent;"[4]

8. The Debtor's 58 page Answer, Counterclaim and Jury Demand filed on May 11, 2015 in both summary process actions[5] which contains numerous counterclaims, some of which relate to the habitability of Apartment #3413, from which the Debtor maintains he was displaced (the "Counterclaims");[6]

9. The "Judgment for Plaintiff(s) for Possession and Rent,"[7] dated May 27, 2015, issued by the District Court, Docket No. 1554SU000026, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #3413, following the entry

---

[3] Although the Debtor and Ms. Anderson were both defendants in these summary process actions, the Court will refer herein to the Debtor only unless the context indicates otherwise. According to Greystar's counsel at a hearing held in this Court on September 17, 2015, both summary process matters were always heard together in the District Court, although not formally consolidated.

[4] The Summons and Complaint for Apartment #3413 reflects rent owed in the amount of $24,650.78.

[5] This pleading, which is attached to the Debtor's Verified Memorandum, bears only Docket No. 1554SU000026 (Apartment #3413), however, the docket for Docket No. 1554SU000028 (Apartment #2216) reflects that an Answer and Counterclaim was filed by the Debtor in that action on the same date.

[6] The Debtor also attached to one of his pleadings an Inspection Form issued by the Dedham Board of Health on November 20, 2014, regarding Apartment #3413, which reflects violations relating to floor and ceiling cracks, locks, and dishwasher installation.

[7] All State Court pleadings, dockets, orders and memoranda referred to herein were attached by the parties to their respective pleadings filed in this Court.

4

default against the Debtor and Ms. Anderson, which contained a judgment amount of $32,423.31[8] and the "Judgment for Plaintiff(s) for Possession and Rent," dated May 27, 2015, issued by the District Court, Docket No. 1554SU000028, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #2216, following the entry of default against the Debtor and Ms. Anderson, which contained a judgment amount of zero (jointly, the "Judgments for Possession");

10.     The entry by the District Court on May 27, 2015 of judgments in favor of Greystar with respect to the Debtor's Counterclaims in both summary process actions "after defendant(s) failed to appear;"

11.     The filing by the Debtor of numerous pleadings in both summary process actions on June 8, 2015, including Motions to "Remove the Default and Vacate Default Judgment; and/or Motion for Relief from Judgment, Pursuant to M.R.C.P. 55, 59 and/or 60" (the "Motions to Reconsider"), which the Debtor maintains have never been determined by the District Court, thus precluding the finality of the Judgments for Possession;

12.     The "Memorandum of Decision Concerning Entry of Default Judgment," dated July 2, 2015, issued by the District Court (Ziemian, J.) in both summary process actions, in which the court recounted the extensive procedural history of both summary process actions, noted the numerous continuances, the issuance of the Judgments for Possession following the entry of defaults against the Debtor in both summary process actions for his failure to appear at a final pretrial hearing scheduled for May 26, 2015 and found that "the failure of both defendants to appear on 26 May 2015 was a deliberate attempt to further continue the trial of this matter because of the court's earlier order that there be no further continuances of the trial;"

13.     The "Execution on Money Judgment," in the amount of $33,191.35, and the "Execution for Possession of Leased or Rented Dwelling," both dated August 7, 2015, issued by the District Court, against the Debtor in favor of Greystar with respect to Apartment #3413, and the "Execution for Possession of Leased or Rented Dwelling," dated the same date, issued by the District Court against the Debtor in favor of Greystar with respect to Apartment #2216 (collectively, the "Executions");

14.     Copies of orders issued by the Appellate Division of the District Court, the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court ("SJC"), all of which denied the Debtor's request to review or waive appeal bonds and/or to stay levy on the Executions;

---

[8] This amount reflects the unpaid rent set forth in the Summons and Complaint, plus approximately three additional months of unpaid rent, interest and costs.

15.     The Order of the Massachusetts Appeals Court, dated August 17, 2015 (Katzmann, J.), denying the Debtor's motions to stay levy on the Executions with respect to both Apartments which, in pertinent part, provided:

> [T]he defendants have not shown that their appeal, though procedurally correct, is likely to be successful.  To succeed the defendants would have to demonstrate, at a minimum, that they have a nonfrivolous defense to the default.  Following review of the defendants' submission and the District Court docket, the court cannot discern any indication that the District Court judge abused his discretion when he entered the default.  Accordingly, the Motion is denied. The stay currently in place shall expire at the end of the day on August 27, 2015.  The plaintiff may levy on the execution on Friday, August 28, 2015 without the need for any further notice to the defendants.

16.     The hearing held in this Court on September 17, 2015 with respect to the Motions,[9] and the arguments of the parties, including the representations of the Debtor that he intended to cure rental arrears over the term of his Chapter 13 plan;[10]

17.     The Supplemental Brief filed by Greystar on September 18, 2015, and the exhibits attached thereto, including the dockets of both District Court summary process actions, which reflect extensive litigation between the parties;

18.     The Supplemental Corrected Memorandum filed by the Debtor on September 23, 2015, and the exhibits attached thereto, including the dockets of appeals the Debtor commenced postpetition in the Massachusetts Appeals Court and the SJC;

19.     The Debtor's Affidavit filed on September 21, 2015, a 46-page document in which he recounts the history of the parties' relationship and their litigation in various courts, his legal theories concerning the finality of the Judgments for Possession, and the

---

[9] Section 362(l)(3)(A) provides: "If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true."  11 U.S.C. § 362(l)(3)(A).

[10] The Debtor also asserted in his Verified Memorandum and Supplemental Brief that he plans to cure the rental default during the term of a plan, that his "counterclaim and his damages for breach of the warranty of habitability are likely to be far in excess of any rent that would be due" and that ultimately he "should not be required to pay *any* rent due to the breach of the warranty of habitability."

6

resulting effect on his bankruptcy case, and in which he stated that "My bankruptcy attorney is not responsible for anything I say here;"

20.     The failure of the Debtor to file any further certification or tender any amounts pursuant to 11 U.S.C. § 362(l)(2) with respect to Apartment #3413 within 30 days of the petition date;

21.     The Debtor's Request for Evidentiary Hearing filed on September 25, 2015;

22.     The Debtor's Chapter 13 plan filed on October 6, 2015, which provides for the assumption of executory contracts with Greystar and the Owner and for payment of $32,423.31 to the Owner and $90,000 to Greystar, over the 60 month term of the plan;

23. The Debtor's Schedules and Statements filed on October 6, 2015, including his Schedule B – Personal Property, in which he listed "Claims and counterclaims; too speculative to value;" and

24.     The entire record of proceedings in this Court.

## II.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon consideration of the foregoing, the Court concludes that the material facts necessary to determine the Motions are not in dispute, and the Court may rule on the merits of the controversy between the parties.  For the reasons stated below, the Court finds that the Debtor's interest in the leases of Apartments #2216 and #3413 terminated prior to the commencement of this case by virtue of the final Judgments for Possession issued by the District Court.  Accordingly, the Debtor has no property interest in either premises.  He does not have the ability to assume the leases as executory contracts nor cure the prepetition defaults through his Chapter 13 plan or through the procedures set forth in 11 U.S.C. § 362(l).

7

A. <u>Apartment #2216</u>

The Debtor's petition for relief under Chapter 13 listed his address as Apartment #3413. He did not reference Apartment #2216 in his petition, nor did he deposit any "rent" with the Clerk of this Court for that unit pursuant to § 362(l)(1)(B). Simply stated, there is no § 362(l) certification in the Debtor's petition related to Apartment #2216. To the extent the Debtor seeks to extend the Certification to Apartment #2216 because it is a replacement unit for the allegedly uninhabitable Apartment #3413 and, therefore "inextricably linked" to Apartment #3413, the Court rejects such a request for the following reasons. First, the Debtor's tenancies with respect to the two apartments were the subject of separate lease agreements with differing provisions. The leases were terminated on different grounds and were the subject of separate Judgments for Possession and Executions issued in separate summary process actions in the District Court. Second, the provisions of § 362(l), which can shield a debtor from the immediate effect of § 362(b)(22), cannot be invoked where, as here, the underlying Judgment for Possession was based on a non-monetary termination of the tenancy. There simply is no "monetary default" to cure and no "rent that would have become due during the 30-day period after the filing of the bankruptcy petition." *See* 11 U.S.C. § 362(l)(1)(A) and (B). *See also* <u>In re Griggsby</u>, 404 B.R. 83, 88 (Bankr. S.D. N.Y. 2009)(Section 362(l) does not apply where prepetition judgment of possession and warrant of eviction are based upon a non-monetary default that cannot be cured by payment of money.); <u>In re Harris</u>, 424 B.R. 44, 54 (Bankr. E.D. N.Y. 2010)("Section 362(l) does not protect a debtor from the

operation of Section 362(b)(22) when a landlord's underlying judgment of possession is based on a non-monetary default.").

Greystar's objection to the Certification for Apartment #2216, to the extent it exists at all, is sustained. Pursuant to § 362(l)(3)(B)(i), in the event a court upholds the objection of a lessor filed under § 362(l)(3)(A), "subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property."[11] In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #2216 in this summary proceeding. *See* <u>Grella v. Salem Five Cent Savings Bank</u>, 42 F.3d 26, 33 (1st Cir. 1994). Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #2216, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

B. <u>Apartment #3413</u>

The Judgment for Possession of Apartment #3413 arose as a result of a monetary default, i.e., nonpayment of rent. The Debtor seeks to cast doubt on the finality of that judgment, and presumably Greystar's ability to rely on the exception to the automatic

---

[11] To the extent the Debtor maintains that § 362(b)(22) requires the Judgment for Possession of Apartment #2216 to be final, the Court finds that such judgment is final, as discussed in further detail below.

9

stay set forth in § 362(b)(22), due to the pendency of the Motions to Reconsider and because the Debtor has "not exhausted all of his State Appellate rights."

It is unclear why the Debtor filed the Certification under § 362(l), which can serve to delay the immediate effect of § 362(b)(22), when he is seeking a determination that there is no recognizable "judgment" for purposes of § 362(b)(22). It is also unclear why the Debtor maintains that "absent a final judgment, the terms of § 362(l)(3) should not control," as he asserted in his Verified Memorandum. Although the Debtor originally commenced his bankruptcy case *pro se*, his counsel has never sought to withdraw the Certification or otherwise amend the Debtor's petition.[12]

Despite the Debtor's argument about the applicability of § 362(b)(22) and the absence of the modifier "final" before the phrase "judgment for possession" in either § 362(b)(22) or § 362(l), the Court will address his contention that the Judgments for Possession are not final. The Court finds that both Judgments for Possession are final.

The Motions to Reconsider were filed on June 8, 2015 and through them the Debtor sought to vacate the default judgments entered against him in both summary process actions on May 27, 2015. The "Memorandum of Decision *Concerning Entry of Default Judgment*" (emphasis added) was issued by the District Court *after* the filing of the Motions to Reconsider, on July, 2, 2015. It explicitly referred to the "numerous motions" filed by the Debtor on June 8, 2015, and specifically dealt with and provided

---

[12] The Debtor cites In re Weinraub, 361 B.R. 586 (Bankr. S.D. Fla. 2007), a case involving vastly different facts than those involved here. In that case, the court allowed the debtors' motion to waive the requirements of § 362(l). The Debtor has filed no such motion here.

10

the rationale for the entry of the default judgments, i.e., the deliberate attempt of the

defendants to further continue a trial by failing to appear on May 26, 2015.  While there

may be no separate docket entries on the District Court dockets denying the Motions to

Reconsider, this Court has no doubt that the District Court considered them and denied

them as set forth in the Memorandum dated July 2, 2015.  Further, the Massachusetts

Appeals Court also addressed the propriety of the entry of the default judgments in its

August 17, 2015 Order: "Following review of the defendants' submission and the

District Court docket, the court cannot discern any indication that the District Court

judge abused his discretion when he entered the default."  Lastly, even if the Motions to

Reconsider were still pending in the District Court, such fact would not affect the

finality of the Judgments for Possession or the judgment with respect to the

Counterclaims under the applicable Massachusetts rules of summary process and civil

procedure.  Mass. Uniform Summary Process Rule 11, entitled "Relief from Judgment"

provides:

> (a) **District and Boston Municipal Departments.** In the District Court  . . . ,
> Rules 60 and 62(b) and (d) of the Massachusetts Rules of Civil Procedure,
> which deal with relief from judgment and stay of execution, respectively,
> shall apply to summary process actions; *provided that relief under Rule 60(b)*
> *shall be available only in cases where the judgment has been entered on default or*
> *dismissal.* In cases that have been heard on the merits, relief under Rule 60(b)
> shall not be available.

Mass. Uniform Summary Process Rule 11(a) (emphasis added). That Rule directly refers

to Mass R. Civ. P. 60(b), which provides, in part: "A motion under this subdivision (b)

does not affect the finality of a judgment or suspend its operation." Mass R. Civ. P. 60(b).

While the Debtor may complain that he has not been heard in the state courts on the merits of his Counterclaims, the Court finds that result to be of the Debtor's own making, and one which does not affect the finality of the default judgments. *See* D'Amour v. Birchall (In re Birchall), 501 B.R. 142, 149 (Bankr. D. Mass. 2013)("Default judgments generally do not have preclusive effect, because the issues therein were not actually litigated. Nevertheless, courts have recognized an exception to this rule when the party against whom the default judgment was entered 'substantially participated' in the action.")(footnotes omitted). The procedural history of the summary process actions, recounted above, leaves no doubt that the Debtor substantially participated in those actions and was not simply defaulted for failing to answer.

The Debtor's contention that he has not exhausted all of his appellate rights with respect to the Judgments for Possession is belied by the record and is insufficient to preclude the finality of the Judgments for Possession. Greystar obtained more than Judgments for Possession, it obtained Executions on August 7, 2015, following the July 2, 2015 ruling of Judge Ziemian with respect to the entry of the default judgments. Both the Massachusetts Appeals Court and the SJC denied the Debtor's motions to stay levy on the Executions, on August 17 and 27, 2015, respectively. It is unclear what, if any, further appellate rights the Debtor can legitimately pursue with respect to the merits of the summary process actions. *See* Mass. Uniform Summary Process Rule 12, entitled "Appeals" ("Any judgment in a summary process action, *except a default judgment*, may

12

23

be appealed by an aggrieved party in accordance with the provisions of law.")(emphasis added). Although the Debtor continues to prosecute postpetition appeals, that does not alter the preclusive effect of the Judgments for Possession. *See* Taatjes v. Maggio (In re Maggio), 518 B.R. 179, 189 (Bankr. D. Mass. 2014)(holding that the pendency of an appeal does not preclude the Court from determining whether collateral estoppel may apply).[13]

The Court finds that the Judgments for Possession are final and that the safe harbor provisions set forth in § 362(l), with which the Debtor failed to fully comply, do not preclude the application of the exception to the automatic stay set forth in § 362(b)(22). There are no "circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession" of Apartment #3413 under § 362(l). Greystar terminated the leases and obtained the Judgments for Possession and the Executions in the summary process actions all before the petition date of August 27, 2015. The Debtor has no interest in the leases and no right to cure the defaults or revive his tenancies pursuant to Mass. Gen. Laws ch 186, § 11. Section 11 provides, in relevant part, the following:

> Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit. . . .

---

[13] In Maggio, this Court relied on O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200, 692 N.E.2d 39 (1998)("The Federal rule, followed by a majority of the States, is that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal. . . . We are persuaded by the majority rule.").

Mass. Gen. Laws ch 186, § 11. *See also* Mass. Gen. Laws ch. 239, § 3 (". . . the plaintiff shall not be required to accept full satisfaction of the money judgment. Any refusal by the plaintiff to accept full satisfaction of the money judgment under this paragraph shall not be a bar to the enforcement of said judgment in any lawful manner."). In this case, there is no dispute that the Debtor did not tender rent due with respect to Apartment #3413 by the time he filed his Answers in the summary process actions, and there is no dispute that Greystar refuses to accept full satisfaction of its monetary judgment, as attested to in the Affidavit of Laura Donahue.

The Debtor seeks to avoid application of Mass. Gen. Laws ch. 239, § 3 due to the alleged absence of final judgments, relying on Ropt Limited P'ship v. Katin, 431 Mass. 601, 729 N.E.2d 282 (2000)(Holding that under Rule 11(a) of the Uniform Summary Process Rules, a defendant in a summary process action cannot raise lack of subject matter jurisdiction pursuant to Rule 60(b)(4) once there is a final judgment on the merits, but that such bar did not apply as the lower court did not issue a final judgment on defendant's counterclaim which was disposed of through a plaintiff's motion to dismiss). That case is factually and legally distinguishable from this case and is inapposite here. The Debtor has not provided any controlling authority under Massachusetts law pursuant to which the Debtor is permitted, at this juncture, to cure the default that gave rise to the Judgment for Possession of Apartment #3413.

14

The Debtor's reliance on his Counterclaims as a means for curing or offsetting the rent he owes is misplaced.[14]  The District Court entered judgments for Greystar on the Counterclaims following the Debtor's default on May 27, 2015.  The Debtor is free to pursue those Counterclaims, to the extent permitted by applicable law in the appropriate forum, but they do not provide a means for satisfying the requirements of § 362(l).  The Debtor failed to file a further certification within 30 days of the petition date pursuant to § 362(l)(2), certifying that he has cured "the entire monetary default that gave rise to the judgment."  If the debtor fails to perform either the initial or further certification, "subsection (b)(22) shall apply immediately" upon such failure and "relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(l)(4)(A).  Additionally, the Debtor's proposal to cure the rental arrears through his assumption of executory contracts as provided in his plan would circumvent the purpose of § 362(l).  *See* <u>In re Williams</u>, 371 B.R. 102, 108 (Bankr. E.D. Pa. 2007)(Section 362(l) requires cure of the default in 30 days, not under a Chapter 13 plan as the debtors proposed.).  The Debtor's proposed assumption of the leases through his plan is also not permitted under the circumstances of this case.  *See* <u>Pyramid Operating Authority, Inc. v. City of Memphis (In re Pyramid Operating Authority, Inc.)</u>, 144 B.R. 795, 808 (Bankr. W.D. Tenn. 1992)(stating that "[i]t is well established that an agreement or contract which is validly terminated prepetition under applicable state law is not

---

[14] At the September 17, 2015 hearing in this Court, the Debtor represented that "it may turn out that, in fact, the landlord owes him more money than the rent he owes."

15

assumable under section 365(a)").  In other words, the leases are no longer executory contracts.

Lastly, the Rooker–Feldman doctrine bars this Court from acting as an appellate tribunal with respect to the Judgments for Possession and the judgments on the Counterclaims as it " 'strip[s] federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions.' " In re Sanders, 408 B.R. 25, 33 (Bankr. E.D. N.Y. 2009) (quoting Book v. Mortg. Elec. Registration Sys., 608 F.Supp.2d 277, 288 (D. Conn. 2009)(citing Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005)).

For all of the above reasons, the Court sustains Greystar's Objection to the Certification with respect to Apartment #3413.  Pursuant to the above quoted provisions of § 362(l), the provisions of § 362(b)(22) shall apply immediately with respect to Greystar.  In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #3413 in this summary proceeding.  See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 33 (1st Cir. 1994).  Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #3413, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

## III.    CONCLUSION

The Objections to the Certification are sustained, and the Motions are allowed. The Court denies the Debtor's request for an evidentiary hearing, and it will not

16

consider the lengthy arguments set forth in his Affidavit as he is represented in this matter by counsel. *See* <u>Grella</u>, 42 F.3d at 33 (a hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims but is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim to a debtor's property).

By the Court,

Dated: October 19, 2015

Joan N. Feeney
United States Bankruptcy Judge

17



UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

        Andre Bisasor

                        Debtor

Chapter 13

Case No.  15-13369

<u>MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL</u>

      NOW COMES Andre Bisasor, debtor, and respectfully moves the court pursuant to FRBP 8002(d) for a 14-day extension of time to file a Notice of Appeal with respect to so much of the court's decision dated October 19 which found that the automatic stay did not apply to the actions of his landlord and/or that sustained the landlord's objection to his certification[1].  For reasons, the debtor states that he has been negotiating with the landlord in the hope of obtaining a global resolution of all issues, and it appears some progress has been made, but a final resolution has not yet been reached.  Thus the debtor desires to protect his appellate rights in the event that a resolution is not reached.

November 2, 2015

                        Respectfully submitted,
                        Andre Bisasor
                        By debtor's attorney,

                        /s/      David G. Baker
                        David G. Baker, Esq.
                        236 Huntington Avenue, Ste. 302
                        Boston, MA  02115
                        617-340-3680
                        BBO# 634889

<u>Certificate of Service</u>
The undersigned states upon information and belief that the within paper will be served upon the entities named below by the court's CM/ECF system on the date set forth above.

                        /s/      David G. Baker
                        David G. Baker

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV

---

[1] The rule prohibits the court from granting an extension of time to appeal an order granting relief from the automatic stay, but the plain language does not appear to prohibit an extension for the purpose stated herein.

11/04/2015 The Motion is allowed to the extent permitted under Fed. R. Bankr. P. 8002(d)(2)(A).

Official Form 17A (12/14)

2015 NOV 16 PM 4 44

US BANKRUPTCY COURT

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   _Andre Bisasor_

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☑ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Denial of certification and allowance of relief from stay; and Denial of evidentiary hearing_
   SEE ATTACHED

2. State the date on which the judgment, order, or decree was entered: _10/19/15_

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _GREYSTAR_    Attorney: _Donna Ashton    28 church ST, suite 10,_
   _781-756-6600    Winchester, Ma_

2. Party: _____    Attorney: _____

30

Official Form 17A (12/14)

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Andre Bisasor

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 11/16/15

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Andre Bisasor
3000 Presidents Way #3413
Dedham MA 02026
Tel: 781-492-5675

David Baker
is my attorney
→ Tel: 617-367-4260

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Official Form 17B (12/14)

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

# OPTIONAL APPELLEE STATEMENT OF ELECTION TO PROCEED IN DISTRICT COURT

**This form should be filed only if all of the following are true:**

- this appeal is pending in a district served by a Bankruptcy Appellate Panel,
- the appellant(s) did not elect in the Notice of Appeal to proceed in the District Court rather than in the Bankruptcy Appellate Panel,
- no other appellee has filed a statement of election to proceed in the district court, and
- you elect to proceed in the District Court.

## Part 1: Identify the appellee(s) electing to proceed in the District Court

1. Name(s) of appellee(s):
   _Andre Bisasor_

2. Position of appellee(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❑ Plaintiff | |
| ❑ Defendant | ☑ Debtor |
| ❑ Other (describe) _____ | ❑ Creditor |
| | ❑ Trustee |
| | ❑ Other (describe) _____ |

## Part 2:  Election to have this appeal heard by the District Court (applicable only in certain districts)

I (we) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 3: Sign below

_Andre Bisasor_                    Date: _11/16/15_
Signature of attorney for appellee(s) (or appellee(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellee(s) if not represented by an attorney):
_Andre Bisasor_
_2000 Presidents Way #2412_
_Dedham MA 02026_

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**ANDRE BISASOR,**                                  Chapter 13
                                                    Case No. 15-13369-JNF
      Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER**

**I.      PROCEDURAL BACKGROUND**

      The matters before the Court are the Objection to Debtor's Certification Pursuant to 11 U.S.C. Sec. 362(l)(1)(A), or in the Alternative, Request for Relief from the Automatic Stay Regarding Apartment #3413 filed by Greystar Management Services LP, as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar") on September 2, 2015 and an identically captioned pleading filed by Greystar on the same date with respect to "temporary" Apartment #2216 (jointly, the "Motions"). Apartment #2216 is currently occupied by the Chapter 13 debtor, Andre Bisasor (the "Debtor"). Both apartments are located in the same residential complex in Dedham, Massachusetts. Greystar supported both Motions with the Affidavit of Laura Donahue, Greystar's Regional Property Manager.  The Debtor opposes both Motions and seeks an evidentiary hearing.  Through the Motions, Greystar challenges the "Certification by a Debtor Who Resides as a Tenant of Residential Property" (the "Certification") signed by the Debtor pursuant to 11 U.S.C. § 362(l) and set forth in his Chapter 13 petition which

1

he filed, *pro se*, on August 27, 2015. Greystar also requests that the Court determine that

the provisions of 11 U.S.C. § 362(b)(22)[1] apply immediately, or, in the alternative, that

---

[1] The filing of a petition under the Bankruptcy Code generally triggers the application of the automatic stay which enjoins actions by creditors, including "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . ; "and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(1) and (3). Exceptions to the automatic stay are set forth in 11 U.S.C. § 362(b) and include § 362(b)(22), which provides that, subject to § 362(l), the filing of a bankruptcy petition does not trigger the protection of the stay with respect to:

> [T]he continuation of any eviction . . . , or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22).

Section 362(l), in turn, establishes certain requirements which, if performed, will allow a debtor to avoid the immediate loss of the stay imposed by § 362(b)(22). Section 362(l)(1) provides:

> (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30–day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1)(A) and (B).

2

the Court grant Greystar relief from the automatic stay to allow it to exercise its remedies under state law, including, but not limited to, taking possession of Apartments #3413 and #2216.

In determining the Motions, the Court has considered the following:

1.    The Debtor's petition on which he listed his address as 3000 President's Way, #3413, Dedham, Massachusetts;

2.    The Certification, which provides, in relevant part, the following: "Landlord has a judgment against the debtor for possession of debtor's residence[,]" the "Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered[,]" and that the Debtor "has included with his petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition[;]"

3.    The Debtor's tender on the petition date of money orders totalling $2,390 and the Court's "Notice Releasing Rental Deposit," dated August 28, 2015, which provides, in part: "the Debtor has deposited with the Clerk the rent payment in the amount of $2,390 that would come due during the 30 day period after the filing of the Debtor's bankruptcy petition," and that "NOTICE IS HEREBY GIVEN that within 30 days of filing the voluntary petition, the debtor must file with the Court and serve upon the landlord, *a second certification that the entire monetary default giving rise to the judgment has been paid to the landlord.*" (emphasis added);

4.    The Debtor's Objection to the Motions and the Verified Memorandum filed in support of the Objection by Attorney David Baker, who filed a notice of appearance on behalf of the Debtor on September 16, 2015, and all exhibits attached to the Objection and the Verified Memorandum;

5.    The Apartment Lease Contract for Apartment #3413 executed by the Debtor and Natalie Anderson,[2] as tenants, with RAR2 Jefferson at Dedham Station Ma. Inc., as owner (the "Owner"), dated August 22, 2013, which provided an initial term from September 26, 2013 through September 14, 2014 and a monthly rental payment of $2,390 and the Apartment Lease Contract for Apartment #2216 executed by the Debtor and Ms. Anderson with the Owner, dated May 16, 2014, which provided for a two week term from May 16, 2014 through May 31, 2014 and rental charges of zero;

_____

[2] Ms. Anderson is the nondebtor spouse of the Debtor.

3

6.      Greystar's statements in the Motions, which the Debtor admitted in his Objection, that it terminated the lease for Apartment #3413 by a Notice to Quit on December 23, 2014 and terminated the lease for Apartment #2216 by a Notice to Quit dated December 29, 2014;

7.      The Summary Process Summonses and Complaints filed by Greystar on February 9, 2015, in separate summary process actions commenced in the Trial Court of Massachusetts, District Court Department, Summary Process Session (the "District Court"), Docket No. 1554SU000026 (Apartment #3413) and Docket No. 1554SU000028 (Apartment #2216), through which Greystar sought eviction of the Debtor and Ms. Anderson[3] from Apartment #2216 for "Failure to vacate pursuant to a lawful notice terminating tenancy" and from Apartment #3413 for "Non-payment of rent;"[4]

8.      The Debtor's 58 page Answer, Counterclaim and Jury Demand filed on May 11, 2015 in both summary process actions[5] which contains numerous counterclaims, some of which relate to the habitability of Apartment #3413, from which the Debtor maintains he was displaced (the "Counterclaims");[6]

9.      The "Judgment for Plaintiff(s) for Possession and Rent,"[7] dated May 27, 2015, issued by the District Court, Docket No. 1554SU000026, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #3413, following the entry

---

[3] Although the Debtor and Ms. Anderson were both defendants in these summary process actions, the Court will refer herein to the Debtor only unless the context indicates otherwise.  According to Greystar's counsel at a hearing held in this Court on September 17, 2015, both summary process matters were always heard together in the District Court, although not formally consolidated.

[4] The Summons and Complaint for Apartment #3413 reflects rent owed in the amount of $24,650.78.

[5] This pleading, which is attached to the Debtor's Verified Memorandum, bears only Docket No. 1554SU000026 (Apartment #3413), however, the docket for Docket No. 1554SU000028 (Apartment #2216) reflects that an Answer and Counterclaim was filed by the Debtor in that action on the same date.

[6] The Debtor also attached to one of his pleadings an Inspection Form issued by the Dedham Board of Health on November 20, 2014, regarding Apartment #3413, which reflects violations relating to floor and ceiling cracks, locks, and dishwasher installation.

[7] All State Court pleadings, dockets, orders and memoranda referred to herein were attached by the parties to their respective pleadings filed in this Court.

4

default against the Debtor and Ms. Anderson, which contained a judgment amount of $32,423.31[8] and the "Judgment for Plaintiff(s) for Possession and Rent," dated May 27, 2015, issued by the District Court, Docket No. 1554SU000028, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #2216, following the entry of default against the Debtor and Ms. Anderson, which contained a judgment amount of zero (jointly, the "Judgments for Possession");

10.     The entry by the District Court on May 27, 2015 of judgments in favor of Greystar with respect to the Debtor's Counterclaims in both summary process actions "after defendant(s) failed to appear;"

11.     The filing by the Debtor of numerous pleadings in both summary process actions on June 8, 2015, including Motions to "Remove the Default and Vacate Default Judgment; and/or Motion for Relief from Judgment, Pursuant to M.R.C.P. 55, 59 and/or 60" (the "Motions to Reconsider"), which the Debtor maintains have never been determined by the District Court, thus precluding the finality of the Judgments for Possession;

12.     The "Memorandum of Decision Concerning Entry of Default Judgment," dated July 2, 2015, issued by the District Court (Ziemian, J.) in both summary process actions, in which the court recounted the extensive procedural history of both summary process actions, noted the numerous continuances, the issuance of the Judgments for Possession following the entry of defaults against the Debtor in both summary process actions for his failure to appear at a final pretrial hearing scheduled for May 26, 2015 and found that "the failure of both defendants to appear on 26 May 2015 was a deliberate attempt to further continue the trial of this matter because of the court's earlier order that there be no further continuances of the trial;"

13.     The "Execution on Money Judgment," in the amount of $33,191.35, and the "Execution for Possession of Leased or Rented Dwelling," both dated August 7, 2015, issued by the District Court, against the Debtor in favor of Greystar with respect to Apartment #3413, and the "Execution for Possession of Leased or Rented Dwelling," dated the same date, issued by the District Court against the Debtor in favor of Greystar with respect to Apartment #2216 (collectively, the "Executions");

14.     Copies of orders issued by the Appellate Division of the District Court, the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court ("SJC"), all of which denied the Debtor's request to review or waive appeal bonds and/or to stay levy on the Executions;

---

[8] This amount reflects the unpaid rent set forth in the Summons and Complaint, plus approximately three additional months of unpaid rent, interest and costs.

15.     The Order of the Massachusetts Appeals Court, dated August 17, 2015 (Katzmann, J.), denying the Debtor's motions to stay levy on the Executions with respect to both Apartments which, in pertinent part, provided:

> [T]he defendants have not shown that their appeal, though procedurally correct, is likely to be successful. To succeed the defendants would have to demonstrate, at a minimum, that they have a nonfrivolous defense to the default. Following review of the defendants' submission and the District Court docket, the court cannot discern any indication that the District Court judge abused his discretion when he entered the default. Accordingly, the Motion is denied. The stay currently in place shall expire at the end of the day on August 27, 2015. The plaintiff may levy on the execution on Friday, August 28, 2015 without the need for any further notice to the defendants.

16.     The hearing held in this Court on September 17, 2015 with respect to the Motions,[9] and the arguments of the parties, including the representations of the Debtor that he intended to cure rental arrears over the term of his Chapter 13 plan;[10]

17.     The Supplemental Brief filed by Greystar on September 18, 2015, and the exhibits attached thereto, including the dockets of both District Court summary process actions, which reflect extensive litigation between the parties;

18.     The Supplemental Corrected Memorandum filed by the Debtor on September 23, 2015, and the exhibits attached thereto, including the dockets of appeals the Debtor commenced postpetition in the Massachusetts Appeals Court and the SJC;

19.     The Debtor's Affidavit filed on September 21, 2015, a 46-page document in which he recounts the history of the parties' relationship and their litigation in various courts, his legal theories concerning the finality of the Judgments for Possession, and the

---

[9] Section 362(l)(3)(A) provides: "If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true." 11 U.S.C. § 362(l)(3)(A).

[10] The Debtor also asserted in his Verified Memorandum and Supplemental Brief that he plans to cure the rental default during the term of a plan, that his "counterclaim and his damages for breach of the warranty of habitability are likely to be far in excess of any rent that would be due" and that ultimately he "should not be required to pay *any* rent due to the breach of the warranty of habitability."

6

resulting effect on his bankruptcy case, and in which he stated that "My bankruptcy attorney is not responsible for anything I say here;"

20.    The failure of the Debtor to file any further certification or tender any amounts pursuant to 11 U.S.C. § 362(l)(2) with respect to Apartment #3413 within 30 days of the petition date;

21.    The Debtor's Request for Evidentiary Hearing filed on September 25, 2015;

22.    The Debtor's Chapter 13 plan filed on October 6, 2015, which provides for the assumption of executory contracts with Greystar and the Owner and for payment of $32,423.31 to the Owner and $90,000 to Greystar, over the 60 month term of the plan;

23. The Debtor's Schedules and Statements filed on October 6, 2015, including his Schedule B – Personal Property, in which he listed "Claims and counterclaims; too speculative to value;" and

24.    The entire record of proceedings in this Court.

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon consideration of the foregoing, the Court concludes that the material facts necessary to determine the Motions are not in dispute, and the Court may rule on the merits of the controversy between the parties.  For the reasons stated below, the Court finds that the Debtor's interest in the leases of Apartments #2216 and #3413 terminated prior to the commencement of this case by virtue of the final Judgments for Possession issued by the District Court.  Accordingly, the Debtor has no property interest in either premises.  He does not have the ability to assume the leases as executory contracts nor cure the prepetition defaults through his Chapter 13 plan or through the procedures set forth in 11 U.S.C. § 362(l).

A. <u>Apartment #2216</u>

The Debtor's petition for relief under Chapter 13 listed his address as Apartment #3413.  He did not reference Apartment #2216 in his petition, nor did he deposit any "rent" with the Clerk of this Court for that unit pursuant to § 362(l)(1)(B).  Simply stated, there is no § 362(l) certification in the Debtor's petition related to Apartment #2216.  To the extent the Debtor seeks to extend the Certification to Apartment #2216 because it is a replacement unit for the allegedly uninhabitable Apartment #3413 and, therefore "inextricably linked" to Apartment #3413, the Court rejects such a request for the following reasons.  First, the Debtor's tenancies with respect to the two apartments were the subject of separate lease agreements with differing provisions.  The leases were terminated on different grounds and were the subject of separate Judgments for Possession and Executions issued in separate summary process actions in the District Court.  Second, the provisions of § 362(l), which can shield a debtor from the immediate effect of § 362(b)(22), cannot be invoked where, as here, the underlying Judgment for Possession was based on a non-monetary termination of the tenancy.  There simply is no "monetary default" to cure and no "rent that would have become due during the 30-day period after the filing of the bankruptcy petition."  *See* 11 U.S.C. § 362(l)(1)(A) and (B).  *See also* <u>In re Griggsby</u>, 404 B.R. 83, 88 (Bankr. S.D. N.Y. 2009)(Section 362(l) does not apply where prepetition judgment of possession and warrant of eviction are based upon a non-monetary default that cannot be cured by payment of money.); <u>In re Harris</u>, 424 B.R. 44, 54 (Bankr. E.D. N.Y. 2010)("Section 362(l) does not protect a debtor from the

operation of Section 362(b)(22) when a landlord's underlying judgment of possession is based on a non-monetary default.").

Greystar's objection to the Certification for Apartment #2216, to the extent it exists at all, is sustained. Pursuant to § 362(l)(3)(B)(i), in the event a court upholds the objection of a lessor filed under § 362(l)(3)(A), "subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property."[11] In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #2216 in this summary proceeding. *See* Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 33 (1st Cir. 1994). Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #2216, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

B. Apartment #3413

The Judgment for Possession of Apartment #3413 arose as a result of a monetary default, i.e., nonpayment of rent. The Debtor seeks to cast doubt on the finality of that judgment, and presumably Greystar's ability to rely on the exception to the automatic

---

[11] To the extent the Debtor maintains that § 362(b)(22) requires the Judgment for Possession of Apartment #2216 to be final, the Court finds that such judgment is final, as discussed in further detail below.

stay set forth in § 362(b)(22), due to the pendency of the Motions to Reconsider and because the Debtor has "not exhausted all of his State Appellate rights."

It is unclear why the Debtor filed the Certification under § 362(l), which can serve to delay the immediate effect of § 362(b)(22), when he is seeking a determination that there is no recognizable "judgment" for purposes of  § 362(b)(22).    It is also unclear why the Debtor maintains that "absent a final judgment, the terms of § 362(l)(3) should not control," as he asserted in his Verified Memorandum.   Although the Debtor originally commenced his bankruptcy case *pro se*, his counsel has never sought to withdraw the Certification or otherwise amend the Debtor's petition.[12]

Despite the Debtor's argument about the applicability of § 362(b)(22) and the absence of the modifier "final" before the phrase "judgment for possession" in either § 362(b)(22) or § 362(l), the Court will address his contention that the Judgments for Possession are not final.   The Court finds that both Judgments for Possession are final.

The Motions to Reconsider were filed on June 8, 2015 and through them the Debtor sought to vacate the default judgments entered against him in both summary process actions on May 27, 2015. The "Memorandum of Decision *Concerning Entry of Default Judgment*" (emphasis added) was issued by the District Court *after* the filing of the Motions to Reconsider, on July, 2, 2015.   It explicitly referred to the "numerous motions" filed by the Debtor on June 8, 2015, and specifically dealt with and provided

---

[12] The Debtor cites In re Weinraub, 361 B.R. 586 (Bankr. S.D. Fla. 2007), a case involving vastly different facts than those involved here.  In that case, the court allowed the debtors' motion to waive the requirements of § 362(l).  The Debtor has filed no such motion here.

10

the rationale for the entry of the default judgments, i.e., the deliberate attempt of the

defendants to further continue a trial by failing to appear on May 26, 2015. While there

may be no separate docket entries on the District Court dockets denying the Motions to

Reconsider, this Court has no doubt that the District Court considered them and denied

them as set forth in the Memorandum dated July 2, 2015. Further, the Massachusetts

Appeals Court also addressed the propriety of the entry of the default judgments in its

August 17, 2015 Order: "Following review of the defendants' submission and the

District Court docket, the court cannot discern any indication that the District Court

judge abused his discretion when he entered the default." Lastly, even if the Motions to

Reconsider were still pending in the District Court, such fact would not affect the

finality of the Judgments for Possession or the judgment with respect to the

Counterclaims under the applicable Massachusetts rules of summary process and civil

procedure. Mass. Uniform Summary Process Rule 11, entitled "Relief from Judgment"

provides:

> (a) **District and Boston Municipal Departments.** In the District Court . . . ,
> Rules 60 and 62(b) and (d) of the Massachusetts Rules of Civil Procedure,
> which deal with relief from judgment and stay of execution, respectively,
> shall apply to summary process actions; *provided that relief under Rule 60(b)
> shall be available only in cases where the judgment has been entered on default or
> dismissal.* In cases that have been heard on the merits, relief under Rule 60(b)
> shall not be available.

Mass. Uniform Summary Process Rule 11(a) (emphasis added). That Rule directly refers

to Mass R. Civ. P. 60(b), which provides, in part: "A motion under this subdivision (b)

11

does not affect the finality of a judgment or suspend its operation." Mass R. Civ. P. 60(b).

While the Debtor may complain that he has not been heard in the state courts on the merits of his Counterclaims, the Court finds that result to be of the Debtor's own making, and one which does not affect the finality of the default judgments. *See* D'Amour v. Birchall (In re Birchall), 501 B.R. 142, 149 (Bankr. D. Mass. 2013)("Default judgments generally do not have preclusive effect, because the issues therein were not actually litigated. Nevertheless, courts have recognized an exception to this rule when the party against whom the default judgment was entered 'substantially participated' in the action.")(footnotes omitted).   The procedural history of the summary process actions, recounted above, leaves no doubt that the Debtor substantially participated in those actions and was not simply defaulted for failing to answer.

The Debtor's contention that he has not exhausted all of his appellate rights with respect to the Judgments for Possession is belied by the record and is insufficient to preclude the finality of the Judgments for Possession.  Greystar obtained more than Judgments for Possession, it obtained Executions on August 7, 2015, following the July 2, 2015 ruling of Judge Ziemian with respect to the entry of the default judgments. Both the Massachusetts Appeals Court and the SJC denied the Debtor's motions to stay levy on the Executions, on August 17 and 27, 2015, respectively.  It is unclear what, if any, further appellate rights the Debtor can legitimately pursue with respect to the merits of the summary process actions. *See* Mass. Uniform Summary Process Rule 12, entitled "Appeals" ("Any judgment in a summary process action, *except a default judgment*, may

12

be appealed by an aggrieved party in accordance with the provisions of law.")(emphasis added).  Although the Debtor continues to prosecute postpetition appeals, that does not alter the preclusive effect of the Judgments for Possession. *See* Taatjes v. Maggio (In re Maggio), 518 B.R. 179, 189 (Bankr. D. Mass. 2014)(holding that the pendency of an appeal does not preclude the Court from determining whether collateral estoppel may apply).[13]

The Court finds that the Judgments for Possession are final and that the safe harbor provisions set forth in § 362(l), with which the Debtor failed to fully comply, do not preclude the application of the exception to the automatic stay set forth in § 362(b)(22). There are no "circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession" of Apartment #3413 under § 362(l). Greystar terminated the leases and obtained the Judgments for Possession and the Executions in the summary process actions all before the petition date of August 27, 2015. The Debtor has no interest in the leases and no right to cure the defaults or revive his tenancies pursuant to Mass. Gen. Laws ch 186, § 11. Section 11 provides, in relevant part, the following:

> Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit. . . .

---

[13] In Maggio, this Court relied on O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200, 692 N.E.2d 39 (1998)("The Federal rule, followed by a majority of the States, is that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal. . . . We are persuaded by the majority rule.").

Mass. Gen. Laws ch 186, § 11. *See also* Mass. Gen. Laws ch. 239, § 3 (". . . the plaintiff shall not be required to accept full satisfaction of the money judgment. Any refusal by the plaintiff to accept full satisfaction of the money judgment under this paragraph shall not be a bar to the enforcement of said judgment in any lawful manner."). In this case, there is no dispute that the Debtor did not tender rent due with respect to Apartment #3413 by the time he filed his Answers in the summary process actions, and there is no dispute that Greystar refuses to accept full satisfaction of its monetary judgment, as attested to in the Affidavit of Laura Donahue.

The Debtor seeks to avoid application of Mass. Gen. Laws ch. 239, § 3 due to the alleged absence of final judgments, relying on <u>Ropt Limited P'ship v. Katin</u>, 431 Mass. 601, 729 N.E.2d 282 (2000)(Holding that under Rule 11(a) of the Uniform Summary Process Rules, a defendant in a summary process action cannot raise lack of subject matter jurisdiction pursuant to Rule 60(b)(4) once there is a final judgment on the merits, but that such bar did not apply as the lower court did not issue a final judgment on defendant's counterclaim which was disposed of through a plaintiff's motion to dismiss). That case is factually and legally distinguishable from this case and is inapposite here. The Debtor has not provided any controlling authority under Massachusetts law pursuant to which the Debtor is permitted, at this juncture, to cure the default that gave rise to the Judgment for Possession of Apartment #3413.

The Debtor's reliance on his Counterclaims as a means for curing or offsetting the rent he owes is misplaced.[14] The District Court entered judgments for Greystar on the Counterclaims following the Debtor's default on May 27, 2015. The Debtor is free to pursue those Counterclaims, to the extent permitted by applicable law in the appropriate forum, but they do not provide a means for satisfying the requirements of § 362(l). The Debtor failed to file a further certification within 30 days of the petition date pursuant to § 362(l)(2), certifying that he has cured "the entire monetary default that gave rise to the judgment." If the debtor fails to perform either the initial or further certification, "subsection (b)(22) shall apply immediately" upon such failure and "relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(l)(4)(A). Additionally, the Debtor's proposal to cure the rental arrears through his assumption of executory contracts as provided in his plan would circumvent the purpose of § 362(l). *See* In re Williams, 371 B.R. 102, 108 (Bankr. E.D. Pa. 2007)(Section 362(l) requires cure of the default in 30 days, not under a Chapter 13 plan as the debtors proposed.). The Debtor's proposed assumption of the leases through his plan is also not permitted under the circumstances of this case. *See* Pyramid Operating Authority, Inc. v. City of Memphis (In re Pyramid Operating Authority, Inc.), 144 B.R. 795, 808 (Bankr. W.D. Tenn. 1992)(stating that "[i]t is well established that an agreement or contract which is validly terminated prepetition under applicable state law is not

---

[14] At the September 17, 2015 hearing in this Court, the Debtor represented that "it may turn out that, in fact, the landlord owes him more money than the rent he owes."

15

assumable under section 365(a)").  In other words, the leases are no longer executory

contracts.

Lastly, the Rooker–Feldman doctrine bars this Court from acting as an appellate

tribunal with respect to the Judgments for Possession and the judgments on the

Counterclaims as it " 'strip[s] federal subject matter jurisdiction over lawsuits that are,

in substance, appeals from state court decisions.' " In re Sanders, 408 B.R. 25, 33 (Bankr.

E.D. N.Y. 2009) (quoting Book v. Mortg. Elec. Registration Sys., 608 F.Supp.2d 277, 288

(D. Conn. 2009)(citing Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir.

2005)).

For all of the above reasons, the Court sustains Greystar's Objection to the

Certification with respect to Apartment #3413.  Pursuant to the above quoted

provisions of § 362(l), the provisions of § 362(b)(22) shall apply immediately with

respect to Greystar.  In the alternative, the Court also denies the Debtor's request for an

evidentiary hearing and grants Greystar's request for relief from the automatic stay as it

has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of

Apartment #3413 in this summary proceeding.  See Grella v. Salem Five Cent Savings

Bank, 42 F.3d 26, 33 (1st Cir. 1994).  Accordingly, Greystar may proceed with its rights

against the Debtor under state law with respect to Apartment #3413, subject to rights of

Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

## III.  CONCLUSION

The Objections to the Certification are sustained, and the Motions are allowed.

The Court denies the Debtor's request for an evidentiary hearing, and it will not

16

48

consider the lengthy arguments set forth in his Affidavit as he is represented in this matter by counsel. *See* <u>Grella</u>, 42 F.3d at 33 (a hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims but is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim to a debtor's property).

By the Court,

*Joan N. Feeney*

Dated: October 19, 2015

Joan N. Feeney
United States Bankruptcy Judge

17

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

---

In Re:   Andre Bisasor

Chapter 13
Bankruptcy Case 15–13369
Judge Joan N. Feeney

---

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

A Notice of Appeal and an Election to have the appeal heard in the United States District Court were filed on **NOVEMBER 16, 2015** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the U.S. District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8006 the Appellant must file with the Clerk of this Court, a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal, within fourteen (14) days of the filing of the:

> 1. Notice of Appeal, or
> 2. Entry of an Order granting leave to appeal, or
> 3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within fourteen (14) days after service of the Appellant's Designation and Statement.

Upon the filing of the Designation of Record and Statement of Issues on Appeal, and after expiration of the fourteen (14) day period for the Appellee to file a Designation of Additional Papers, the Clerk's Office will forward the documents designated by the parties to the United States District Court electronically.

If a party to the appeal designates any sealed document to be part of the record on appeal, that party must file a motion with the court which the appeal is pending requesting that court to accept the sealed document. If the motion is granted, the movant must notify the bankruptcy court of the ruling. See Fed.R. Bankr.P.8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must also advise the court by filing "Certificate of No Transcript Ordered." See Fed.R.Bankr.P. 8010(b).

It is the duty of the parties to insure that the Record on Appeal is complete. The Clerk of the Bankruptcy Court will transmit the Record on Appeal as assembled by the parties.

Date:11/17/15

James M. Lynch
Clerk, U.S. Bankruptcy Court

By the Court,

Leah Kaine
Deputy Clerk
(617) 748– 5324